### R. I. Lee et al. v. John H. Broocks.

#### Decided February 27, 1909.

**1.—Injunction—Nonresident Judge—Act Construed.**

The following affidavit was attached to a petition for injunction presented to and granted by a nonresident district judge: "Your petitioner . . . being at this time unable to reach . . . the judge having original jurisdiction hereof in time to secure the relief sought by reason hereof, brings this his petition and alleges, etc." Held, the affidavit was insufficient under the requirements of the Act of the 30th Legislature (Gen. Laws, 1907, page 207) concerning the granting of injunctions, to authorize the nonresident judge to act upon the application, in that it failed to set out the facts showing that the resident judge was inaccessible, and the efforts made to reach him.

**2.—Same—Dissolution—Practice.**

When an injunction is granted by a nonresident judge the truth of the matters alleged in the affidavit to secure such action may on proper motion be inquired into, and if found untrue the injunction should be dissolved.

**3.—Same—Sale of Land—Advertisement—Trifling Error.**

A difference of twenty cents between the true amount of a judgment and the amount as stated in the advertisement of the sale of land thereunder, is too trifling to require the issuance of an injunction to stay the sale. And the failure of the advertisement to state that the execution provided for the collection of interest upon the judgment is not cause for enjoining the sale.

**4.—Same—Verification of Allegations.**

An injunction should be granted only upon a sworn application; therefore when an application for injunction is based upon the allegations in the pleading of another pending suit it should appear either that said allegations are verified or they should be verified in the application for injunction.

Appeal from the District Court of Liberty County. Tried below before Hon. W. H. Pope.

*G. H. Pendarvis,* for appellants.

No brief for appellee reached the reporter.

REESE, ASSOCIATE JUSTICE.—This is an appeal from an order of the district judge of the 58th district granting a temporary injunction restraining R. I. Lee, plaintiff in execution, and Lee C. Cherry, sheriff of Liberty County, from enforcing an execution or order of sale issued by the district clerk of Liberty County upon a judgment of the District Court of said county in favor of R. I. Lee and against John H. Broocks, appellee. The appeal is prosecuted under the provisions of the Act of 1907, allowing appeals from such interlocutory orders. (Acts Thirtieth Legislature, p. 207.)

The petition for injunction was presented to Hon. W. H. Pope, judge of the 58th district, by whom the temporary writ was granted, returnable to the District Court of Liberty County, which is in another district. To satisfy the requirements of the Act of April 16, 1907 (General Laws of the Thirtieth Legislature, chapter 107), there was attached to the application the following affidavit: "Your petitioner, John H. Broocks, plaintiff herein, relying on the Constitution of the State of Texas, as well as other rights granted by the government, and being at this time unable to reach the Hon. L. B. Hightower, the judge having original jurisdiction hereof, in time to secure the relief sought by reason hereof, brings this his petition and alleges," etc.

The first objection made by appellant to the order of the judge is that this affidavit was not sufficient under the Act aforesaid to authorize the judge of the 58th district to act. This contention must be sustained. The Act referred to was intended to cure what had become an intolerable evil in procuring temporary injunctions from district judges remote from the court where the case was to be tried, instead of making application to the judge of said district; under which practice it was not infrequent that parties desiring such suit, started out on a roving quest over the State for some district judge who would listen favorably to that plea, to which the resident judge was not favorable, thus securing temporary injunctions which were promptly dissolved by the judge of the court to which such writs were returnable. To put a stop to such practices, it was provided by the Act that such applications, when presented to a judge other than the judge of the court to which, under the law, such writ was required to be made returnable, should be accompanied by an affidavit "setting out fully the facts showing that the resident judge is inaccessible and the efforts made by the applicant to reach and communicate with said resident judge and the result of such efforts in that behalf." It was not considered sufficient that the applicant should merely make affidavit that the resident judge was inaccessible or that he could not be reached, but, in order that the purpose and intent of the Act should not be evaded, it was required that the facts

showing such inaccessibility and the efforts made to reach him should be fully stated, in order that the judge to whom the application was presented might determine whether a fair and reasonable effort had been made in good faith to reach the resident judge, without which it is positively declared by the Act that, "No nonresident judge shall have the power to hear said application upon the ground of inaccessibility of the resident judge."

The Act goes further and provides that "should any nonresident judge hear said application upon the ground of inaccessibility of the resident judge and should grant the writ of injunction prayed for said injunction so granted should be dissolged upon motion upon its being shown that the petitioner has not first made a reasonable effort to procure a hearing upon said application before the resident judge." The effect of this is that even if a proper affidavit, as required by the statute, is made of the inability to reach the resident judge, and an injunction granted, upon motion to dissolve under the statute, it may be shown that reasonable effort had not in fact been first made to invoke the action of the resident judge, and this alone should authorize a dissolution of the injunction, notwithstanding the statements of the affidavit.

The purpose of the Act is clear and its language plain. Such an affidavit as made in this case, if held sufficient, would enable an applicant for injunction in every case to evade the plain requirements of the statute. The district judge of the 58th district had no authority to grant the temporary writ, and for the reasons indicated above alone, the order must be set aside.

Upon other grounds also the injunction should not have been granted. The only ground stated in the application as sworn to for the injunction, is that there was a discrepancy between the amount of the judgment as stated in the advertisement of the sale and as stated in the judgment, of $1000. The judgment, as shown by the application, is for $17,316.68, with interest thereon at the rate of eight percent per annum from the date of judgment, August 17, 1904. The amount of the execution as stated in the advertisement is $17,316.88, without stating the interest. It will be seen that there is a difference of twenty cents, which may be and should have been disregarded as too trifling to be considered. The failure of the advertisement of sale to state that the execution provided for collection of interest afforded no ground for the injunction. It was an utterly immaterial matter.

The only grounds relied upon for the injunction are stated in an unsworn petition filed in the District Court of Liberty County, a copy of which is made an exhibit to the petition. In the affidavit to the application presented to the district judge, appellee does not pretend to state that the statements of the petition are true, nor can the affidavit be so construed, and so far as the allegations of said petition are concerned they can not be considered as grounds for the injunction. The statute provides that no injunction shall be granted except upon a sworn application. (Rev. Stats., art. 2992.) This requirement can not be evaded as was done in this case, in so far as

the temporary injunction rests upon the allegations of the petition referred to.

For the reasons indicated the order of the district judge granting the temporary injunction is reversed, the order set aside and the injunction dissolved.

*Reversed and remanded.*