### E. T. PARSONS ET AL. V. JOHN MCKINNEY.

#### Decided January 19, 1911.

**1.—Injunction—Sale of Homestead—Pleading.**

Petition for injunction to restrain an execution sale of land claimed to be plaintiff's homestead, considered, and held sufficient to admit proof of the facts, in the absence of special exception thereto.

**2.—Homestead—Designation.**

A mere secret intention to occupy a certain tract of land as a homestead at some indefinite time in the future would not invest it with the homestead character; but when land is bought with the intention of making it a home, the purchaser would be allowed a reasonable time within which to make the necessary arrangements to occupy it; but such intention must be shown by acts of preparation begun with reasonable promptness, and the actual occupancy must not be delayed beyond a reasonable time.

**3.—Injunction—Non-resident Judge—Statute.**

The provisions of the Act of the Thirtieth Legislature (Gen. Laws, 1907, page 206) regulating the granting of injunctions and prescribing what the petition must show to authorize the granting of an injunction by a district judge other than the judge of the court to which the writ is returnable, do not apply to an injunction to restrain the sale of a homestead.

**4.—Same—Recitals in Order—Sufficiency.**

In the absence of any denial of the truth of the facts, a recital in his order granting a writ of injunction by a judge other than the judge of the county to which the writ is returnable, that "it being made to appear" that the judge of the county was "inaccessible" must be taken as true, and that the non-resident judge had the power or jurisdiction to grant the writ.

**5.—Injunction—Stay of Execution—Venue.**

The provisions of the statute requiring writs of injunction to stay an execution to be returned to the court in which the judgment was rendered and

from which the writ issued, apply only when the suit is to restrain the execution of a judgment because of some infirmity in the same or in the writ, or of some equity which has arisen since the rendition of the judgment which should prevent its enforcement, and do not apply when the purpose of the injunction is only to prevent the sale of exempt property; in such·case the suit can be brought in a court of the county having jurisdiction of the subject matter, in which any of the defendants reside, or in which the property, if real estate, is situated.

Appeal from the District Court of Tyler County.   Tried below before Hon. W. H. Pope.

*Thos. J. Baten,* for appellants.

No brief for appellee.

PLEASANTS, CHIEF JUSTICE.—This appeal is from an order of Hon. W. H. Pope, judge of the District Court of Jefferson County, made in chambers, granting a temporary injunction restraining the sale of a tract of land in Tyler County belonging to appellee and claimed to be his homestead.

Appellant E. T. Parsons, sheriff of Tyler County, levied upon the land on the 9th day of June, 1910, under an execution issued on a judgment rendered by the County Court of Jefferson County on April 5, 1910, in favor of appellant W. R. Swearingen against appellee for the sum of $320, and advertised the land for sale on July 5, 1910.

Appellee, on July 4, 1910, presented to Hon. W. H. Pope, judge of the District Court of·Jefferson County, a petition addressed to the District Court of Tyler County, praying that the sale of said land be enjoined on the ground that it was appellee's homestead.

The order of Judge Pope granting a temporary injunction was endorsed on said petition, and is as follows:

"July 4, 1910.   The above and foregoing petition for injunction having been presented to me in chambers, and it being made to appear that the Hon. W. B. Powell, judge of the District Court of Tyler County, Texas, is inaccessible, after reading said petition and considering same it is ordered that the writ of injunction issue as prayed for in said petition upon the appellant filing a good and sufficient bond in the sum of five hundred dollars payable and conditioned as required by law and approved by the clerk of the District Court of Tyler County, Texas, he will issue said writ."

This order was filed in the office of the clerk of the District Court of Tyler County on July 5, 1910, and the writ of injunction therein granted was issued and served upon appellants, and in due time appellants perfected this appeal therefrom.

Under appropriate assignments appellants complain of the order upon the following grounds:

First.   Because the petition for injunction is too vague, indefinite and uncertain in its allegations to authorize the issuance of the writ, and contains no sufficient allegation of facts showing that plaintiff has any homestead rights in the premises in controversy.

Second. Because the petition fails to state facts necessary to give the district judge of Jefferson County authority or jurisdiction to order the issuance of an injunction in a suit brought in the District Court of Tyler County.

Third. Because the suit should have been brought in the County Court of Jefferson County, the court in which the judgment, the execution of which is sought to be stayed by said injunction, was rendered.

None of these objections to the order is valid. The petition is inartistically drawn and the facts alleged upon which the homestead claim is based are meager, but we can not say that the allegations are so vague, uncertain and indefinite as to make it bad on general demurrer, nor that the allegations as to plaintiff's homestead rights in the property are insufficient to admit proof of facts showing that the property was plaintiff's homestead.

It is alleged in the petition that the plaintiff is the head of a family and that the property is his homestead, and that he owns no other real estate. It is further alleged: "That plaintiff is not living upon said property, for the reason that he is engaged in business in Jefferson County, Texas, but is cultivating said property and has improved property with houses, fields and barns and other homestead improvements. That plaintiff is constantly improving said property out of such funds as he can spare, having in view in a short while returning to Tyler County and permanently residing on said place. That the products raised each year on said property has been used in the support of plaintiff and his family each and every year since he owned it, and the barns and other outhouses are being constantly improved for the purpose of this plaintiff's permanent home. That he will suffer irreparable 'loss and injury in being thus deprived of his means of support, his home, its valuable improvements."

In the absence of a special exception we think these allegations are sufficient to entitle plaintiff to prove facts necessary to establish his homestead claim.

If he has never lived on the property, his mere secret intention to, at some indefinite time in the future, occupy it as a home, would not invest it with a homestead character. If, however, he bought it for the purpose of making his home thereon he would be allowed a reasonable time in which to make necessary arrangements to occupy it as such, but his intention to so occupy it must be shown by acts of preparation begun with reasonable promptness, and its occupancy could not be delayed beyond a reasonable time. Gardner v. Douglass, 64 Texas, 76; Barnes v. White, 53 Texas, 628; Gallagher v. Keller, 4 Texas Civ. App., 454.

The provisions of the Act of the Thirtieth Legislature regulating the granting of injunctions and prescribing what the petition must show to authorize the granting of an injunction by a district judge other than the judge of the court to which the writ is returnable, do not apply to an injunction to restrain the sale of a homestead. Gen. Laws, 30th Leg., p. 206. It is expressly provided by section 1 of said Act that nothing therein "shall apply to the granting of writs of injunction by non-

resident judges to stay executions, . . . . where proof is made to the satisfaction of such non-resident judge that it is impracticable for the appellant to reach the resident judge and procure his action in time to effectuate the purpose of the application."

The order of Judge Pope before set out recites, in effect, that the proof required by the provisions of the statute above quoted was made, and the truth of this recital is not questioned. Such being the state of the record, it can not be held that Judge Pope was without power or jurisdiction to grant the injunction. The opinion of this court in the case of Lee v. Broocks, 54 Texas Civ. App., 220 (118 S. W., 164), should be construed in the light of the facts of that case. The provision of the statute above quoted was not in the mind of the court when that opinion was rendered, and there was nothing in the record in that case to indicate that the proof required by said provision of the statute was made before the non-resident judge.

Section 17 of article 1194 and article 2996, Sayles' Civil Statutes, applies only when the suit is to restrain the execution of a judgment because of some infirmity in the judgment or the writ, or of some equity which has arisen since the rendition of the judgment which should prevent its enforcement, and does not apply when the purpose of the injunction is only to prevent the sale of exempt property; and in such case the suit can be brought in any court of the county in which any of the defendants reside or in which the property, if real estate, is situated, having jurisdiction of the subject matter of the suit. Van Ratcliff v. Call, 72 Texas, 492; Leachman v. Capps, 89 Texas, 690.

We think the judgment of the court below should be affirmed, and it has been so ordered.

*Affirmed.*

Writ of error refused.