LANE et al. v. JONES. (No. 5310.)

(Court of Civil Appeals of Texas. San Antonio. May 13, 1914.)

1. INJUNCTION (§ 144*)—TEMPORARY INJUNCTION — HEARING IN CHAMBERS — MATTERS CONSIDERED.

In view of Rev. St. 1911, art. 4645, providing that on appeals relating to temporary injunctions the Court of Appeals shall hear and determine the matter on the petition, answer, and affidavits, the lower court, in hearing an application for temporary injunction in chambers, cannot pass upon exceptions to the petition filed by the defendants, and, where no pleadings were filed, aside from the exceptions, the only question is whether the petition is sufficient to authorize the injunction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 316, 317, 321; Dec. Dig. § 144.*]

2. INJUNCTION (§ 122*)—PETITION—VERIFICATION—SUFFICIENCY.

Under Rev. St. 1911, art. 4649, requiring a petition for an injunction to be verified by the affidavit of the party, an affidavit by plaintiff's attorney, not upon his own knowledge, but to the best of his knowledge and belief, is insufficient, since it cannot be determined what facts are stated upon knowledge and what upon belief, and no prosecution for perjury could be predicated thereon if the affidavit were false.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 262–268; Dec. Dig. § 122.*]

Appeal from District Court, Kinney County; W. C. Douglas, Judge.

Suit for injunction by John Jones against Frank Lane and others. From judgment granting temporary injunction prayed for, defendants appeal. Judgment reversed, temporary injunction dissolved, and the cause remanded.

Frank Lane, of Brackettville, and John J. Foster, of Del Rio, for appellants. Ernest A. Jones, of Brackettville, and Martin & Martin, of Uvalde, for appellee.

CARL, J. Appellee, John Jones, brought suit for injunction against appellants, Frank Lane, county attorney, Joseph Veltmann, county judge, and Hans Peterson, A. M. Slator, and L. N. Lewis, county commissioners of Kinney county, also against H. E. Veltmann, county clerk of said county. It is alleged that Albert Schwander is also a member of the commissioners' court, but of him no complaint is made.

The first amended petition charges that on February 11, 1914, the commissioners' court made an order whereby Frank Lane, the county attorney, was to be allowed $100 per month for his services, beginning February 1, 1914, and to run until the further order of the court. It was alleged in the original petition that this employment was illegal, and an injunction was prayed for, restraining H. E. Veltmann, the county clerk, from issuing and delivering any warrant or scrip on the treasurer therefor, and restraining Frank Lane, as county attorney, from demanding or receiving or receipting for any

warrant or scrip therefor. On February 24, 1914, the court granted this injunction, which was duly served, and appointed Charles Kartes, district clerk, pro tem. to serve in this case on account of the disqualification of H. E. Veltmann.

The amended petition further charges that the object of this suit "was and is to save to the plaintiff and many other taxpayers of Kinney county, Texas, said sum of $1,200.00 public funds of Kinney county, which was illegally, unlawfully, and wrongfully about to be misapplied and appropriated to his own use and benefit by the defendant Frank Lane, county attorney, as aforesaid by virtue of the order and judgment of said commissioners' court aforesaid." And that defendants then entered into a scheme to evade and avoid the injunction of the court and "yet still, with a show of legality, break into the county treasury of Kinney county, and take therefrom the sum of $1,200.00 per annum or $100.00 per month, beginning March, 1914, for the use and benefit of defendant county attorney, Frank Lane, by reason of the following order, duly recorded in the minutes of the Commissioners' Court, vol. 4, pages 462 and 463, and judgment of said commissioners' court, which was duly prepared in advance by defendant county attorney, Frank Lane, or under his directions and employment, and requested to be by said commissioners' court passed, which order and judgment is in words and figures as follows, to wit: [Here follows a letter from the county attorney, Frank Lane, to the commissioners' court, in which he asks the court to set aside the former order of February 11, 1914, which request was by the court granted on March 9, 1914, and the said order was set aside and held for naught.]" But the same order, in which that was done, proceeds:

"It is hereby ordered by the commissioners' court at a regular term in regular session on this, the 9th day of March, 1914, at 2:10 o'clock p. m., that the county judge of Kinney county be authorized to secure the services of Frank Lane, attorney at law, to assist said county judge and commissioners' court in properly preparing the issue of the road bonds voted by a majority of the qualified property tax-paying voters of Kinney county on the 14th day of November, 1913; to advise said county judge and commissioners' court in the proper preparation and issuing of said road bonds, and other legal matters in connection therewith; to sell or assist in selling said issue of bonds at the best price obtainable therefor; to do and perform such other services as shall be required of him in advising said commissioners' court and county judge with reference to said bond issue, and in reference to all other matters not contemplated or covered by the said Frank Lane's official duties as county attorney of Kinney county. The said employment by the county judge and commissioners' court to be for a period of one year from date of this order. Said Frank Lane to receive as such compensation for said services to be performed, as above set forth, the sum of twelve hundred ($1,200.00) dollars, payable one hundred $100.00) dollars per month for a period of 12 months. It being understood and agreed to by the said Frank Lane that should he be instrumental in selling said bonds or finding a buyer therefor, that the said sum of twelve hundred ($1,200.00) dollars shall be full compensation for his services, and that no compensation shall be expected by or paid to the said Frank Lane for such services; that the said county judge is hereby authorized and empowered to enter into a contract with the said Frank Lane embodying the terms of the above order securing his services as special counsel in all civil matters in connection with said bond issue and other legal matters not contemplated or covered by the said Frank Lane's official duties as county attorney of Kinney county."

It is alleged that this was intended to be a salary; that Lane was the duly qualified and acting county attorney; and that the advice and services rendered under said contract would be the same that he is required by the Constitution to render to the county; and that the judgment of the commissioners' court, of date March 9, 1914, is a subterfuge, and an attempt to evade the injunction of the court. It is further alleged that since February 28, 1910, the said Frank Lane has been drawing a salary as county attorney under the guise of legal services rendered and advice given the commissioners' court, all of which, it is claimed, is in violation of the Constitution and laws of Texas; and that the "good roads bonds" referred to in the order of March 9, 1914, had already been prepared by the court, or, under its direction, submitted to the Attorney General of Texas, approved by him, and H. E. Veltmann, the regular clerk of the commissioners' court, had been so notified; that all that remained to be done was for the county judge and county clerk to sign, and for the Attorney General to put his certificate thereon, and have the comptroller register same.

The petition also charges that the commissioners' court on December 9, 1913, paid to their codefendant Frank Lane, out of the public funds of the county, the sum of $100 for traveling expenses in visiting the Attorney General at Austin and getting the form of bond, etc., to which he would give his certificate of approval. This, as well as the $50 salary, it is claimed, Lane had been permitted to take out of the funds of Kinney county unlawfully.

The petition further charges that this contract is unlawful, and that the services therein provided for the county attorney is required to render by virtue of his office; that there is no way to pay said salary, except by an unlawful levy of taxes "or to raise plaintiff's and all other taxpayers' taxes to that extent, as hereinbefore alleged"; and, in the alternative, it is alleged that, should said contract be held legal, the salary is exorbitant and unreasonable.

Prayer was made for a temporary restraining order, as before.

Appellants, on a hearing, filed exceptions to the petition substantially: (1) Because the petition is insufficient as a basis for equitable relief, because not verified as pro-

vided by law; (2) because the allegations therein contained set up no such equitable cause of action as would entitle him to the relief prayed for; (3) because the same is insufficient to invoke the equitable jurisdiction of the court, and the allegations therein contained are insufficient as a basis for an injunction.

No answer, other than these demurrers, was filed.

The court granted the temporary injunction prayed for, and appellants waived the issuance and service of the writs.

Article 4649 of the Revised Statutes requires the petition to be verified by the applicant. The affidavit reads as follows:

"The State of Texas, County of Kinney:

"Before me, the undersigned authority in and for said county and state, on this day personally appeared Ernest A. Jones, attorney of record for John Jones, plaintiff in the above-numbered cause, who, being by me first duly sworn, says that John Jones is plaintiff in the above and foregoing first amended petition, and that the allegations in said petition are true according to his knowledge and belief. Ernest A. Jones, Attorney for John Jones, Plaintiff.

"Sworn to and subscribed before me this 19th day of March, A. D. 1914. H. A. Longcor, J. P. and Ex Officio Notary Public, Kinney Co., Texas. [Seal.]"

[1] Appellee insists that the court had no power to pass on the special exceptions in chambers, and we think that position is correct. This is a matter for the court to pass upon, and not for the judge in chambers. The only question that was before the judge in chambers was whether he should grant an injunction upon the pleadings as presented. The law provides that matters touching temporary injunctions shall be heard and determined on appeal by the bill or petition and answer thereto. Articles 4644 and 4645, Revised Statutes. And, since no answer was filed in this case, the matter was before the court upon the bill presented. The judge could not then act upon the exceptions. El Campo Light Co. v. Water & Light Co., 132 S. W. 868; Dearborn v. Phillips, 21 Tex. 449–451. The matter, then, resolves itself into this question: Would the court be authorized to grant a temporary injunction upon a bill not verified as provided by law, where no answer is filed?

[2] Article 4649 of the Revised Statutes of 1911 reads as follows:

"No writ of injunction shall be granted, unless the applicant therefor shall present his petition to the judge, verified by his affidavit taken before some officer authorized to administer oaths, and containing a plain and intelligible statement of the grounds for such relief."

This affidavit is made by the attorney, and it has often been held that, where the attorney makes it, he must do so upon his own knowledge. An affidavit to the "best of my knowledge and belief" is insufficient. Oates v. Maas, 4 Willson, Civ. Cas. Ct. App. § 161, 14 S. W. 1066; Ewing v. Duncan, 81 Tex. 230, 16 S. W. 1000. The allegations must be definite and certain. Nalle v. City of Austin, 21

S. W. 375; Buie v. Cunningham, 29 S. W. 801. And, where the verification is defective, an injunction will not be granted. Smith v. Allen, 28 Tex. 497; Johnson v. Daniel, 25 Tex. Civ. App. 587, 63 S. W. 1032.

The attorney, in this case, makes oath "that the allegations in the said petition are true according to his knowledge and belief." It does not inform us what part he knows of his own knowledge and what facts he swears to on belief. It must be borne in mind that this is an application for a temporary injunction, which, to some extent, distinguishes it from a petition for permanent injunction which comes up on final trial. The allegations must be clear and certain, and the verification must be in compliance with the statute. It cannot be ascertained from the affidavit what facts are sworn to on the basis of the attorney's knowledge, nor those verified from information, nor the source of that information. The courts of this state have repeatedly held that such an affidavit is insufficient. Rev. Stats. 1911, art. 4649; Pullen v. Baker, 41 Tex. 420; Graham v. McCarty, 69 Tex. 324, 7 S. W. 342; Ry. Co. v. Harkey, 39 Tex. Civ. App. 523, 88 S. W. 506; Lee v. Broocks, 54 Tex. Civ. App. 220, 118 S. W. 164; Clarey v. Hurst, 136 S. W. 840; Spinks v. Mathews, 80 Tex. 375, 15 S. W. 1101; Smith v. Banks, 152 S. W. 449; Ry. Co. v. Brown, 75 S. W. 807; Moss v. Whitson, 130 S. W. 1034.

In the Spinks Case, supra, it is said:

"In support of pleas of this character it is held that the affidavit should show substantially that the party making it has knowledge himself of the facts. It is signed by an agent, and the general statement under oath that 'the allegations are true and correct, to the best of his knowledge and belief,' is too general to constitute a substantial compliance with the law."

And in the Smith v. Banks Case, supra, Mr. Justice Fly has said:

"The test of an affidavit, as laid down by the Commission of Appeals (Whitemore & Co. v. Wilson, 1 Posey, Unrep. Cas. 213), is that the affidavit of the facts sworn to must be so direct and unequivocal as that an indictment for perjury would lie, if the oath is falsely made. The affidavit in this case will not meet that test, for it would be impossible to prove that any certain part of the petition was sworn to upon knowledge, information, or belief, and consequently an indictment for perjury would have nothing upon which it could be predicated with that definiteness required in criminal proceedings. The general rule is that an affidavit on mere information and belief, without supporting affidavits of the informants, is not sufficient"— citing some of the cases referred to here, and citing some others. Beach on Inj. par. 186; High on Inj. par. 1569; Ruge v. Fish Co., 2 Fla. 656, 6 South. 489; Moss v. Whitson, 130 S. W. 1034.

We therefore conclude that the affidavit was insufficient to form the basis of a temporary injunction, and the first assignment of error is sustained.

The case will not be further considered, because we will not assume that a different affidavit from this one will be made. The very foundation of an equitable proceeding

such as this is the affidavit, and, since it was totally insufficient, the court was not authorized to grant the temporary injunction.

The judgment is reversed, the temporary injunction is dissolved, and the cause is remanded.