KOPPLIN v. LUDWIG.  (No. 5319.)

(Court of Civil Appeals of Texas.  San Antonio.  Oct. 14, 1914.  On Motion for Rehearing, Nov. 4, 1914.)

1. INJUNCTION (§ 122*)—VERIFICATION OF APPLICATION—SUFFICIENCY.

A petition for an injunction to restrain the enforcement of a judgment against the judgment debtor's property was insufficiently verified where the affiant stated merely that he "believes the material allegations in the foregoing petition to be true."

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 262–268; Dec. Dig. § 122.*]

2. BANKRUPTCY (§ 152*)—RIGHTS OF TRUSTEE —TITLE TO PROPERTY.

Under the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 564 [U. S. Comp. St. 1913, §§ 9651, 9653, 9654]) §§ 67c, 69a, 70a, title to a bankrupt's property vests in the trustee when the property is placed in the custody of the bankruptcy court by the filing of the petition in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 194; Dec. Dig. § 152.*]

On Motion for Rehearing.

3. APPEAL AND ERROR (§ 100*)—APPEALABLE ORDERS—INJUNCTION.

Where a temporary injunction ordering a sheriff to desist from selling whisky as advertised was made permanent, and a mandatory provision added thereto ordering the sheriff to turn over the whisky to defendant's trustee in bankruptcy, plaintiff could appeal therefrom, though the order last made was modified in so far as it made the injunction permanent; the mandatory provision which remained unchanged being appealable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 670–680; Dec. Dig. § 100.*]

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

Action by Louis Kopplin against Herman Ludwig.  An application by Martin Coppard, trustee in bankruptcy of the estate of Herman Ludwig, to enjoin enforcement of judgment for plaintiff against defendant's property was granted, and Kopplin appeals.  Reversed and remanded, and motion for rehearing overruled.

Webb & Goeth, of San Antonio, for appellant.  Henry A. Hirshberg and W. H. Kennon, both of San Antonio, for appellee.

CARL, J.  On February 19, 1914, Louis Kopplin, as the assignee of Otto Klaus, filed suit against Herman Ludwig on a note for the principal sum of $2,000, dated July 24, 1913, and due on demand, for 8 per cent. interest per annum, and for 10 per cent. attorney's fees, as well as to foreclose a lien given to secure said note on 15 barrels of whisky stored on the premises at No. 1929 North New Braunfels avenue, in San Antonio.  The judgment for the debt and foreclosure, which recites service on Ludwig, was taken on March 9, 1914, in the Thirty-Seventh district court of Texas, in Bexar county.  On April 10, 1914, Martin Coppard, trustee

in bankruptcy of the estate of Herman Ludwig, filed in said cause an application reciting that an involuntary petition in bankruptcy was filed against Herman Ludwig in the United States District Court for the Western District of Texas, at San Antonio, and that on February 13, 1914, the said Ludwig was duly adjudged a bankrupt, and on the 13th of March, 1914, Martin Coppard was duly elected and qualified as trustee of the Ludwig estate.  It is further shown in the affidavit that an order of sale had issued on the judgment of foreclosure in the state court, and that John W. Tobin, sheriff of Bexar county, had advertised a sale of said whisky to satisfy the judgment, and the date of the sale was April 11, 1914.  Prayer was that the Thirty-Seventh district court of Bexar county, Tex., make an order withdrawing the order and forbidding the sheriff to proceed with the sale of the property, and for general relief.  This application was verified as follows:

"The State of Texas, County of Bexar.

"Before me, the undersigned authority, on this day personally appeared Henry A. Hirshberg, attorney of record for Trustee Martin Coppard, and who, being by me duly sworn, deposes and says that he believes the material allegations in the foregoing petition to be true.  April 10, 1914.

"[Seal.]  Geo. E. Bell, Notary Public,
          "Bexar County, Texas."

The sheriff responded to the writ of injunction which the court issued and which was served on him by a general demurrer, reserving the right to answer at the next regular term of the court, and prayed that the temporary injunction be dissolved.

On April 20, 1914, the court, after hearing the demurrers, overruled same, and made permanent the injunction theretofore issued, and the sheriff and Louis Kopplin thereupon excepted and gave notice of appeal.  Later, on application by Coppard, the court modified the injunction by omitting that part making it permanent, and ordered the sheriff immediately to turn over the whisky to Martin Coppard, trustee.  Kopplin and the sheriff filed a second motion for a new trial, which was overruled April 29, 1914, but the court permitted Kopplin to give a supersedeas bond to prevent the delivery of the whisky to Coppard, trustee, and this was done.  Kopplin alone has perfected his appeal.

[1] This being an appeal from an order granting a temporary injunction, we must look to the sufficiency of the application, because it was not a trial on the merits and no evidence was heard.  In such case the test of the matter is as to whether the application itself meets the requirements of the statute; for on that, and that alone, the court bases its judgment.  Measured by the statute, and, in the light of decisions construing same, this application was insufficient.  If the facts set up in the application be true, we do not mean to state that the tri-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

al court was in error in pursuing the course taken in its entirety; but the very foundation of the same is the affidavit, and, since that does not meet the requirements of the statute, the matters set out stand as mere unsupported allegations which would not justify the court in assuming the truth of the same. This requires a reversal of the judgment. The second assignment is sustained. Lane v. Jones, 167 S. W. 177, and cases therein cited.

[2] But if the facts set up in the application are true, "the filing of the petition [in bankruptcy] is a caveat to all the world, and, in effect, an attachment and injunction. * * * And, on adjudication, title to the bankrupt's property became vested in the trustee, with actual or constructive possession placed in the custody of the bankruptcy court. * * *" The filing of the petition is an assertion of jurisdiction with a view to the determination of. the status of the bankrupt and a settlement and distribution of his estate. The exclusive jurisdiction of the bankruptcy court is so far in rem that the estate is regarded as in custodia legis from the filing of the petition. It is true that, under section 70a of the act of 1898, the trustee of the estate, on his appointment and qualification, is vested by operation of law with the title of the bankrupt as of the date he was adjudicated a bankrupt; but there are many provisions of the law which show its purpose to hold the property of the bankrupt intact from the time of the filing of the petition, in order that it may be administered under the law if an adjudication in bankruptcy shall follow the beginning of the proceedings. Section 70a, in reciting the property which vests in the trustee, says there shall vest "property which prior to the filing of the petition (the bankrupt) * * * could by any means have transferred or which might have been levied upon and sold under judicial process against * * * (the bankrupt)." Under section 67c attachments within four months before the filing of the petition are dissolved by the adjudication in the event of the insolvency of the bankrupt, if their enforcement would work a preference. Provision is made "for the prompt taking possession of the bankrupt's property, before adjudication, if necessary [section 69a]. Every person is forbidden to receive any property after the filing of the petition, with intent to defeat the purposes of the act." Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, 32 Sup. Ct. 96, 56 L. Ed. 208.

These observations are made in view of further proceedings in the case, since we cannot indulge any presumption as to the truth of the allegations, in the absence of the statutory verification.

The judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

[3] Appellee, Martin Coppard, has filed a motion for rehearing, and contends that this is an appeal from a refusal to dissolve a temporary injunction, and is therefore not an appealable case. In this he is incorrect. The court first granted a temporary injunction on April 10, 1914, and in this injunction the sheriff is ordered to desist from making the sale of the whisky as advertised, and until the further order of the court. The hearing was set for May 1, 1914. The sheriff interposed a general demurrer, and, in the event he should be held to answer, denied the allegations of the affidavit of intervention, and asked that the injunction be dissolved. Thereupon, on April 20, 1914, the court made its order overruling the demurrer and granting a permanent injunction restraining the sale by the sheriff, and further ordering him to turn over the whisky to the said Martin Coppard, trustee. The temporary injunction was, by this order, made permanent. Appellant and the sheriff excepted and gave notice of appeal. They followed this up by duly filing a motion for a new trial on April 22, 1914. On the same day that the appellant filed his first motion for a new trial, appellee, Coppard, filed his motion to correct the order in so far as the same made the injunction permanent. On April 27, 1914, the court granted this motion and modified the original order entered on April 20th by eliminating that part making it a permanent injunction, and on April 29, 1914, appellant again filed a motion for a new trial, and, when it was overruled, exception was taken and notice of appeal given, and a supersedeas bond given the same day.

The last temporary injunction is a different one from the first, in that it is a mandatory order requiring the sheriff to deliver to Coppard the whisky, while the first merely commanded him to desist from making the sale. There was no motion to dissolve this last order wherein that part making it permanent was eliminated. Appellant had placed himself in a position to appeal from the final judgment making the injunction permanent by filing his motion for a new trial. When he did this, the court changed the order, making it a temporary order. There was no motion to dissolve this last temporary order, and there was the additional mandatory provision in it that was not in the first temporary order, which would certainly give him the right to appeal when it was granted.

The court was undecided as to what action to take as indicated by the modification and changes; so that he did not act finally until the order was made from which this appeal is taken. And even if the last modification be held to reach back to the former order, as it does, there was no mandatory feature in that temporary order which appellant moved to dissolve, and when that new pro-

vision is inserted in the injunction, appellant had a right to appeal.

The motion for rehearing is overruled.