WILKENING v. WOLFF. (No. 7939.)

(Court of Civil Appeals of Texas. Galveston. March 4, 1920.)

1. Injunction ⟨⟩145 — Verification of petition for temporary injunction on knowledge and belief insufficient.

Petition for temporary injunction must be verified by positive averments asserting truth of facts alleged; an affidavit that the facts alleged are true and correct "to the best of the affiant's knowledge and belief" being insufficient.

2. Injunction ⟨⟩140—Petition to restrain molestation in possession held insufficient.

Petition for temporary injunction to restrain defendant from coming about plaintiff's premises and molesting him *held* insufficient as not negativing reasonable inference from facts stated that defendant was in possession of land involved prior to plaintiff's alleged purchase of an interest therein, etc.

Appeal from District Court, Washington County; R. J. Alexander, Judge.

Suit by Oscar Wolff against Frank Wilkening. From order granting temporary injunction, defendant appeals. Judgment reversed, and judgment rendered dissolving injunction and remanding the cause.

The Bowers, of Giddings, for appellant.
W. J. Embrey, of Brenham, for appellee.

LANE, J. This is an appeal from an order granting a temporary injunction against appellant, Frank Wilkening, as prayed for in the petition of appellee, Oscar Wolff. The petition, omitting the formal parts, is as follows:

"That heretofore, to wit, on or about the 26th day of December, A. D. 1919, plaintiff purchased from Willie Wolff an individed one-half interest in and to a certain tract of land in Lee county, Tex., being 200 acres, more or less, out of the Thos. Ward league, and which said property has been duly transferred to said plaintiff by said Willie Wolff; that said plaintiff went upon said land and premises for the peaceable occupation and enjoyment of the same, and is now in possession thereof, but the defendant is seeking to molest the plaintiff in the use and possession thereof; that defendant is seeking to force the plaintiff, by threats for fear of his life, to leave said premises and has so advised him; that he has threatened to lock all of the gates leading in and out of said premises, and has threatened to kill the plaintiff if he does not leave the same; that heretofore, to wit, on or about the 2d day of January, A. D. 1920, and while the plaintiff was on his way home from the town of Burton, and without any cause or provocation on the part of the plaintiff, the said defendant did come up to him and assault him and try to beat him up, and did threaten to kill him on the spot and kept reaching in his pocket as if to get a gun and curse and abuse said plaintiff and threaten to kill him the next time he saw him; that the said defendant is a man of notorious character and of dangerous prac-

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tices, and the plaintiff lives in fear of his life that the defendant will carry out his many threats to kill him or inflict serious bodily injury; that, unless the said defendant is prevented from molesting him, the said plaintiff, he will be unable to safely and peaceably enjoy his rights of possession and the occupancy of the said premises above named; that the said defendant is known all around the Burton community as a terror, a mean and dangerous man, and likely to carry into effect any such threats so made by him; that, unless restrained by your most gracious writ of injunction from coming about the plaintiff or the place on which he resides or interfering with or molesting the plaintiff in the peaceable occupation and enjoyment of the said premises, the said plaintiff will suffer irreparable injury; that the plaintiff has no adequate remedy at law.

"Wherefore the plaintiff prays the court that the defendant be cited in the manner and form required by law, and that a writ of injunction issue restraining the defendant from coming about the plaintiff, or the place upon which he resides, or interfering with or molesting the plaintiff in any way or manner whatsoever, or interfering or molesting the plaintiff in the occupation, use, and enjoyment of said premises, and upon a final hearing hereof, that this injunction be made permanent, and for costs of suit, and for such other and further relief, special and general, in law and in equity, to which he may be justly entitled, as in duty bound he will ever pray.

"W. J. Embrey, Attorney for Petitioner.

"I, Oscar Wolff, plaintiff in the above entitled and numbered cause, do solemnly swear that the above and foregoing facts are true and correct to the best of my knowledge and belief, so help me God.

"Oscar Wolff.

"Sworn to and subscribed before me this the 3d day of January, A. D. 1920.

"W. J. Embrey,

"Notary Public, Washington County, Texas."

The order for injunction was granted by Hon. R. J. Alexander, judge of the Twenty-First judicial district of Texas, in vacation, and upon an ex parte hearing.

Appellant insists that the court erred in granting the temporary injunction for the following reasons: First, because the petition for injunction is not verified as required by law; and, second, because the petition fails to show that appellee is entitled to any equitable relief against appellant, "in that it does not negative every reasonable inference arising from the facts stated that the appellee may not be entitled to the relief sought."

[1] The first contention of appellant is sustained. A petition for a temporary injunction, and not upon final hearing, must be verified by positive averments asserting the truth of the facts alleged, and an affidavit that the facts alleged are true and correct "to the best of affiant's knowledge and belief" is insufficient. Moss v. Whitson, 130 S. W. 1034; Collier v. Smith, 169 S. W. 1108; Kopplin v. Ludwig, 170 S. W. 105;

White v. Ferris, 186 S. W. 367; Lane v. Jones, 167 S. W. 177.

[2] The second contention is also sustained. The material and essential facts relied upon for relief by injunction must be stated with sufficient certainty to negative every reasonable inference arising upon the facts stated, from which it might be deduced that the applicant might not, under other supposable facts connected with the subject-matter, be entitled to the relief sought. Gillis v. Rosenheimer, 64 Tex., 243; Miller v. City of Ballinger, 204 S. W. 1173, and cases there cited; Grayson County v. Harrell, 202 S. W. 160, and cases there cited.

We think it might be inferred from the allegations of appellee's petition that appellant was in possession of the tract of land prior to appellee's alleged purchase of a one-half undivided interest thereof, and that he was asserting some kind of right to continue such possession as against appellee, and appellee has failed to negative such supposable right in appellant. Nor does he allege that appellant is wrongfully asserting the right of possession. Appellee does allege that after his purchase of an undivided one-half of the land he went upon the same to peaceably occupy it, and that he is now in possession thereof; but he does not allege that he was entitled to possession. It might be inferred, we think, as suggested by appellant in his brief, that perhaps appellant, by lease or otherwise, was in lawful possession of the land, and there is no allegation that he was not.

For the reasons pointed out, the judgment of the trial court granting the temporary injunction is reversed, and judgment is here rendered dissolving the injunction and remanding the cause for further proceedings.