**LUBBOCK INDEPENDENT SCHOOL DIST. v. ABERNATHY et al.     (No. 2882.)**

Court of Civil Appeals of Texas. Amarillo. June 29, 1927.

Rehearing Denied Sept. 7, 1927.

1. Taxation ⬤⟸652—Petition to enjoin tax sale held not to allege sufficient ground excusing failure to attend trial in tax suit.

Petition alleging plaintiffs employed attorney who filed answer in tax suit, but that case was called to trial without plaintiffs' knowledge or consent and without notice either to plaintiffs or counsel, *held* not to justify enjoining tax sale.

2. Taxation ⬤⟸652—Petition held not to allege facts authorizing judge of district other than that in which tax sale was ordered to enjoin sale (Rev. St. 1925, art. 4643).

Under Rev. St. 1925, art. 4643, petition to enjoin tax sale alleging that plaintiffs could not by exercise of due diligence see judge of district in which sale was ordered and procure restraining order, but that they were filing in such district proper pleadings to reopen case and have new trial on merits, not setting out facts fully showing inaccessibility of such judge, and not accompanied by affidavit supplying such allegations, was insufficient to authorize judge of such other district to enjoin sale.

3. Judges ⬤⟸51(3)—On application to restrain sale of realty under judgment of judge of another district, facts constituting his disqualification must be fully alleged (Rev. St. 1925, art. 4643).

Under Rev. St. 1925, art. 4643, on application to district judge to restrain sale of realty under execution issued under judgment rendered in another district because of disqualification of judge rendering judgment, facts constituting disqualification must be fully alleged.

4. Taxation ⬤⟸652—Making injunction of tax sale returnable to court from which it was issued rather than court in which judgment attacked was rendered held error (Rev. St. 1925, art. 4656).

Under Rev. St. 1925, art. 4656, making order enjoining tax sale returnable to court issuing it instead of to court in which judgment attacked was rendered, was error.

5. Injunction ⬤⟸16—Rule that party having remedy by appeal is not entitled to injunction does not apply where relief sought could not be afforded on appeal.

General rule that where party has remedy by appeal he may not have injunction does not apply, where relief sought could not be afforded on appeal.

6. Taxation ⬤⟸652—Writ of error to judgment ordering tax sale held not to give opportunity to present defense, and injunction would lie.

Although parties after knowledge of entry of judgment ordering sale of land for taxes could have obtained writ of error, such appeal would only relate to and be decisive of questions presented by existing record, and would not afford relief on ground that they and their attorney had not been notified of trial and that judgment had been entered unexpectedly, and hence injunction would lie.

Appeal from District Court, Lubbock County; Clark M. Mullican, Judge.

Suit by Mrs. Mollie D. Abernathy against the Lubbock Independent School District and others for an injunction. From an order granting a temporary injunction the named defendant appeals. Reversed, and judgment rendered for defendants.

Clyde F. Elkins and L. A. Howard, both of Lubbock, for appellant.

Vickers, Campbell & Shenck, of Lubbock, for appellees.

RANDOLPH, J. Mrs. Mollie D. Abernathy, joined by her husband, M. G. Abernathy, on June 7, 1927, filed this suit in the Ninety-Ninth judicial district of Texas, praying for an injunction to restrain the sale of lands belonging to Mrs. Abernathy in Lubbock county, Tex., for taxes alleged to be due appellant. The Lubbock independent school district and H. L. Johnston, the sheriff of Lubbock county, were made defendants therein. The judge of said Ninety-Ninth judicial district granted the prayer of plaintiffs' petition and ordered the writ of injunction to issue upon the giving of the bond required by, him. Such bond was given and the writ was issued by the clerk of that court and was made returnable to that court, the Ninety-Ninth judicial district court.

Plaintiffs in their petition for injunction allege as follows:

"Mollie D. Abernathy, joined by her husband, M. G. Abernathy, resident citizens of Lubbock county, Tex., complain of Lubbock independent school district, a public corporation under the laws of the state of Texas, and H. L. Johnston, sheriff of Lubbock county, Tex., as defendants, and represent:

"(1) The plaintiff owns and did at the times hereinafter mentioned the following described lands and lots of land in the town of Lubbock, and in the county of Lubbock, and within the Lubbock independent school district, said land described as follows:

"(1) 750 acres L. I. & Mfg. Co. survey No. 1, in block A, abst. 61.

"(2) 147.8 acres of T. T. Ry. Co. survey No. 77, in block A, abst. 61.

"(3) Lots 16 and 17 in block 134, original town of Lubbock, Tex.

"(4) Lots 14 and 15 in block 118 in the original town of Lubbock, Tex.

"(5) Lots 17, 18, 19, and 20 in block 144 in original town of Lubbock, Tex.

"(6) Lot 19 in block 164, in original town of Lubbock, Tex.

"(2) That Lubbock independent school district in cause No. 2237 of the district court of Lubbock county, Tex., sued the plaintiffs for taxes on the above-described lands for the years 1920, 1921, 1922, 1923, and 1925, and on the 14th day of April, 1927, in said cause it obtained judgment against the plaintiff in the sum of $2,171.40. Thereafter, on the 16th day of May, 1927, the said Lubbock independent school district caused an execution and order of sale to be issued to sell said lands to satisfy said judgment for taxes aforesaid, and same is advertised to be sold as required by law on Tuesday, June 7, 1927, at the courthouse door of Lubbock county, Tex.

"(3) Plaintiffs say that they were not aware of the judgment being rendered in said cause until after it was rendered; that they had filed and caused to be filed in said cause an answer; that the attorney for the plaintiff in said cause was W. D. Benson, an attorney of the Lubbock bar, who assured plaintiff that when the cause was assigned for trial he would apprise them of such date, and be ready to try such case on its merits. Plaintiffs have a meritorious defense as will hereinafter be shown to the suit in the amount of the taxes claimed and for which judgment is rendered.

"(4) Plaintiffs furthermore show the court that they have not been notified of the sale of said lands other than that as published in the newspaper, but no notice of such sale has ever been mailed or delivered to them, or at least they have not received such notice, hence, they have delayed this proceeding. In this connection, they show that the suit was for trial for this term of the court, and that judgment was entered at the present April Term of the Seventy-Second judicial district court of Lubbock county, Tex.

"(5) In connection with the judgment they show that said cause was called up for trial without their knowledge and consent, and without the knowledge of the said W. D. Benson, their attorney, and judgment was rendered as aforesaid, but such judgment was erroneous and without proper evidence, and especially without the plaintiffs or their attorney being notified of such trial and the judgment to be rendered, the matter of trial was not called to their attention, and when same had not been assigned for trial on May 16th, aforesaid. At least if it had been so assigned for trial, neither the plaintiff nor their attorney knew of it.

"(6) Plaintiffs say that to sell said land will cast a cloud on their title, and will cause them to pay an unjust debt, and to pay taxes that they have already heretofore paid and hold receipts therefor, to the amount of several hundred dollars, and that a sale of such lands to satisfy such alleged judgment for taxes would cause them irreparable injury and force them to pay such unjust demands, all of which they are ready to verify, and can verify if permitted to have their day in court.

"(7) In this connection, they show that for 1923 they paid taxes on said lands, which embraced all of the taxes on said lands aggregating the sum of approximately $275, and hold tax receipts showing such payment, and attach them hereto and mark them exhibit to verify their allegations. Likewise do they show that they paid all the taxes on said land for the year 1921 in the aggregate of $270 and hold tax receipts therefor, and attach them hereto for identification. Likewise did they pay the taxes for the year 1922 in the sum of approximately $300 and hold receipts therefor, and attach them hereto as exhibit for proof of their allegations; that they have not been given credit for these amounts of taxes. In this connection, plaintiffs further show that they offered to pay it taxes for the year 1925 and said defendant refused to accept it unless they pay all taxes they claimed as past due for the years from 1920 to 1925. The plaintiff tenders such 1925 taxes to the defendant as aforesaid, and it refused to accept it, and has since instituted this suit for such taxes and taken judgment without their consent.

"Plaintiffs make these allegations to show that they have a meritorious defense to the judgment against them, and that they are ready to verify and show to the courts that they do not owe the taxes sued for.

"(8) In this connection, plaintiffs say that they have and are filing in the Seventy-Second judicial district court aforesaid, proper pleadings to reopen this case and have a new trial thereof on the merits and for them to have their day in court, and be able to convince a court and jury that unjust taxes have been demanded of them, and that they have paid said Lubbock independent school district and hold receipts therefor as aforesaid.

"(9) In this connection, they allege that they have this date on June 6, 1927, learned for the first time that said lands at once and before 10 o'clock, Tuesday morning, June 7th. They cannot by the exercise of due diligence see Hon. Homer L. Pharr and procure from him an order restraining the sale of said land.

"(10) Plaintiffs are ready and willing to give any and all bonds necessary and required by law so as to protect said school district in any judgment it might obtain, and simply say that the judgment aforesaid is erroneous in the amount, and excessive in the sum of $800, and these plaintiffs should not be compelled to pay such unlawful demands on the proceedings aforesaid.

"(11) Wherefore, premises considered, plaintiff prays for the defendant to be cited and that they be restrained from selling or attempting to sell said lands to satisfy the aforesaid judg-

ment at this time, and that the sale of said lands be restrained and enjoined until these plaintiffs have their day in court and present their meritorious defense as shown herein at the next regular term of the Seventy-Second judicial district court of Lubbock county, which will convene on the 15th day of August, 1927; that this proceeding be certified to the Seventy-Second judicial district court of Lubbock county, Tex., for such action said court may deem proper under the facts in the case.

"Plaintiffs pray for any other relief they may show themselves entitled under the facts in the case."

The case is before us on appeal from the trial court's order granting the temporary writ and without briefs from either party.

[1] The Ninety-Ninth judicial district court did not have jurisdiction to entertain the petition for injunction as presented in this cause. There is no sufficient ground set out to excuse the plaintiffs' failure to attend to the trial of the case and see that their attorney presented their defenses. It appears from the allegations of the petition that the attorney was employed and that he filed an answer for the plaintiffs in the tax suit pending in the Seventy-Second district court, and their complaint is that such case was called for trial without their knowledge or consent, and that neither they nor their counsel were notified of such trial. It was the duty of plaintiffs to have informed themselves of the date of the trial and to have kept in touch with the court's business, and if they or their counsel were guilty of negligence in not so doing, they are not entitled to the relief prayed for. There are no allegations which relieve them of their failure to look after the case.

[2] This petition was filed in the Ninety-Ninth judicial district court. The judgment under which the sale is sought to be enjoined was rendered in the Seventy-Second judicial district court.

Article 4643, Revised Civil Statutes 1925, provides as follows:

"No district judge shall grant a writ of injunction returnable to any other court than his own except in the following cases:

"1. Where the resident judge cannot hear and act upon the application by reason of his absence, sickness, inability, inaccessibility, disqualification or refusal to act, when such facts are fully set out in the application or in an affidavit accompanying same, and if such judge refuses to act, such refusal shall be indorsed by said judge on such writ with his reasons therefor. In such case no district judge shall grant the writ when the application therefor has once been acted upon by another district judge of this state.

"2. To stay execution, or to restrain foreclosure, sales under deeds of trust, trespasses, the removal of property, or acts injurious to or impairing riparian or easement rights, when satisfactory proof is made to such nonresident judge that it is impracticable for the applicant to reach the resident judge and procure his action in time to effectuate the purpose of the application.

"3. When the resident judge cannot be reached by the ordinary and available means of travel and communication in sufficient time to effectuate the purpose of the writ sought. In such case the applicant or his attorney seeking a writ on the ground of such inaccessibility shall attach to his application an affidavit fully stating the facts of such inaccessibility and his efforts made to reach and communicate with said judge, and the result thereof, and unless such efforts appear to have been fair and reasonable the application shall not be heard. Such injunction may be subsequently dissolved upon it being shown that the petitioner did not first make reasonable efforts to procure a hearing upon said application before the resident judge."

The allegations in plaintiffs' petition that "they cannot by the exercise of due diligence see Hon. Homer L. Pharr and procure from him an order restraining the sale of said land," and that "they have and are filing in the Seventy-Second judicial district court, aforesaid, proper pleadings to reopen this case and have a new trial thereof on the merits and for them to have their day in court and convince a court and jury that unjust taxes have been demanded of them, and that they have paid said Lubbock independent school district and hold receipts therefor, as aforesaid," did not comply with the requirements of the above-quoted statute. Clearly, the petition does not set out the facts fully showing the inaccessibility of the judge of the Seventy-Second district court, and is not accompanied by an affidavit supplying such allegations. Lee. v. Broocks, 54 Tex. Civ. App. 220, 118 S. W. 164, 165, writ denied.

[3] Where an application is made to a district judge to restrain the sale of real estate under an execution issued under a judgment rendered in another district, and this application is made to such court because of the disqualification of the judge who rendered such judgment, the facts constituting the disqualification of the judge must be fully alleged. Woodward v. Smith (Tex. Civ. App.) 253 S. W. 847, 851. The order of the trial judge granting the writ herein, contains no judicial ascertainment of the fact that the judge of the Seventy-Second judicial district was inaccessible. Parsons v. McKinney, 63 Tex. Civ. App. 617, 133 S. W. 1084, 1086.

[4] The writ issued in this case was made returnable to the Ninety-Ninth district court, the court from which it issued. Article 4656, Revised Civil Statutes 1925, provides that such writ shall be returnable to the court in which the judgment attacked was rendered. Seligson v. Collins, 64 Tex. 314; Adoue v. Wettermark, 22 Tex. Civ. App. 545, 55 S. W. 511; Kruegel v. Rawlins (Tex. Civ. App.) 121 S. W. 216.

[5, 6] The general rule that where a party has a remedy by appeal he is not entitled to injunctive relief does not apply where the relief sought could not be afforded on appeal. At the time this injunction was applied for

the plaintiffs, who were defendants in the judgment in the Seventy-Second district court, could have filed with the clerk of that court their appeal by way of writ of error, as the six months had not then expired. Such appeal would only relate to and be decisive of the questions as presented by the existing record. Hence, in this case such appeal would not afford plaintiffs the relief sought. It would not have afforded them the opportunity to present the defenses here set up. Cook v. Panhandle Refining Co. (Tex. Civ. App.) 267 S. W. 1070, 1072.

It appearing that the district court for the Ninety-Ninth judicial district of Lubbock county, Tex., did not have jurisdiction to render the judgment herein rendered and did not have jurisdiction to issue the temporary injunction herein issued, such judgment is reversed and judgment is here rendered that the injunction so granted be and the same is hereby dissolved.