**LOVE, County Judge, et al. v. WORSHAM et al.**

No. 3149.

Court of Civil Appeals of Texas. Beaumont.

Jan. 28, 1937.

W. B. Browder, Jr., of Houston, Wm. McCraw, Atty. Gen., and Leon Moses and Sam Lane, Asst. Attys. Gen., for appellants.

A. W. Morris, of Conroe, and H. S. Lilley, of Cold Spring, for appellees.

COMBS, Justice.

This is an appeal from an order granting a temporary injunction and the submission was advanced upon motion of the appellants, as provided by statute.

The main suit was filed on the 28th day of December, 1936, in the special Ninth district court of San Jacinto county, Tex., by W. H. Worsham, P. B. Lovett, and Louise Holton, against D. M. Love, county judge, J. E. Johnson, sheriff, and John C. Browder, county attorney, officers of San Jacinto county, and their successors in office.

The plaintiffs alleged that they are each engaged in the sale of vinous and malt liquors in justice precinct No. 2 of San Jacinto county, Tex., and that they had been licensed by the state of Texas and have paid all fees and taxes required by the state and federal governments for their permits to sell malt liquors. They alleged that on the 21st day of November, 1936, pursuant to a petition and an order of the commissioners' court of San Jacinto county, a local option election was held in said justice precinct No. 2, the result of which election, as the returns were canvassed, showed a majority of seventy-two votes against the sale of vinous and malt liquors in said precinct; that the county judge issued a notice, the effect of which would cause the plaintiffs to close their respective places of business on the 30th day of December, 1936. The plaintiffs alleged that, because of the form of the petition and the form of the ballots, etc., said election was void and of no force and effect. They further alleged that Hon. W. B. Browder, judge of said special Ninth district court, was disqualified to act upon said petition by virtue of subdivision 1 of article 4643, R.S.1925. They further alleged that if said order should be put in force and effect by the officers of San Jacinto county that the plaintiffs' places of business would be illegally closed and that they would suffer irreparable damage. The plaintiffs prayed for a "temporary injunction and restraining order, temporarily restraining each of said defendants, and their successors in office from further attempting to enforce the results of such election and/or from in any manner interferring with said plaintiffs in the pursuit of their lawful business of selling beer," and that upon final hearing the temporary injunction be made permanent.

Attached to the petition is the fiat of Hon. H. F. Kirby, judge of the Seventy-Seventh district court, dated at Groesbeck, Tex., the 23d day of December, 1936, granting the temporary injunction in all things as prayed for upon the plaintiffs giving bond in the sum of $100. The bond was filed and the writ of injunction issued. Appeal bond was filed by the defendants on December 31, 1936, perfecting an appeal from said temporary injunction to this court.

By an exhibit filed in this court on submission it is shown that the plaintiffs, W. H. Worsham et al., joined by five new parties alleged to be engaged in the beer business, filed in the district court a pleading which they dubbed a supplemental petition, in which they complained of Arnett Lilley, constable of justice precinct No. 2, and of the agents, servants, and employees of the Texas Liquor Control Board, and prayed the court to issue "its supplemental temporary injunction and restraining order against the said Arnett Lilley, constable aforesaid, and against the Texas Liquor Control Board, the names of whom are unknown to plaintiffs and intervenors, their administrators, agents, servants and employees * * * temporarily restraining and enjoining them and each of them from in any manner interferring, molesting, arresting or entering upon the business premises of plaintiffs and intervenors until final hearing of this cause on its merits, or from interferring with or arresting any of the distributors from whom either or all of the plaintiffs and intervenors herein purchase beer." By fiat dated the 8th day of January, 1937, the Hon. H. F. Kirby, judge of the Seventy-Seventh district court of Texas, granted the "supplemental injunction" without additional bond.

### Opinion.

The temporary injunction and the alleged supplement thereto granted in this case were improperly and improvidently granted. The granting of the injunctions was improvident for so many reasons that it would be tedious to enumerate all of them. Suffice it to say:

■ First. The petition and the alleged supplemental petition were not properly verified.

■ Second. The injunctions seek to restrain the proper officials of San Jacinto county and of the state of Texas from performing their duty of enforcing the crimi-

600

nal laws of this state. As has been heretofore pointed out by our courts, due and orderly procedure requires that questions of the validity of criminal laws be first tested in the criminal courts before the equity powers of a civil court will be interposed to restrain their enforcement. It is only in those cases where a criminal law is unconstitutional and void and its enforcement will result in irreparable injury to vested property rights that civil courts are authorized to restrain officers from enforcement of a criminal law. Ex parte Sterling, 122 Tex. 108, 53 S.W.(2d) 294; Ex parte Phares, 122 Tex. 104, 53 S.W.(2d) 297; State ex rel. McNamara v. Clark, 79 Tex. Cr.R. 559, 187 S.W. 760. In the case before us there is not even a semblance of attack upon the criminal statute under which the officers of San Jacinto county and the Texas Liquor Control Board were preparing to act. The plaintiffs, by their petition, merely seek to attack collaterally, and without any contest of the election, an order declaring the result of a local option election in justice precinct No. 2 of San Jacinto county.

Third. The petition fails to disclose that the judge of the Seventy-Seventh judicial district of Texas had any statutory right or power to issue the temporary injunction. San Jacinto county is not within said Seventy-Seventh judicial district; in fact, it is many miles from it. The petition does state that Hon. W. B. Browder, judge of the special Ninth district court of San Jacinto county, is disqualified to act in the case. But, as this court judicially knows, San Jacinto county is also in the Ninth judicial district, and no excuse or reason whatever is alleged why the petition for temporary injunction could not be presented to the judge of that court. See article 4643, Vernon's Ann.Civ.Statutes; City of Dallas v. Armour & Co. (Tex.Civ. App.) 216 S.W. 222; Lubbock Ind. School Dist. v. Abernathy (Tex.Civ.App.) 1 S.W. (2d) 426.

The alleged supplemental injunction was utterly void for the reasons, among others, first, because it was granted without bond, and, second, it was granted after the defendants had filed appeal bond appealing the case to this court, and the trial court was therefore without any jurisdiction to enter it.

It follows that the temporary injunction granted in this cause should be dissolved, and it is so ordered.

The appellants ask that we make it plain in our opinion that the dissolving of the injunction by this court is effective from the time we enter our judgment. Such is clearly the effect of the order of this court dissolving said injunction.

We have also been requested to issue a sort of writ of prohibition restraining the appellees from seeking, and district judges from granting, further temporary writs and restraining orders hampering the officers of San Jacinto county in the performance of their duty to enforce the liquor law in justice precinct No. 2 of San Jacinto county. The matter is not properly before us. However, upon oral argument counsel for the appellees stated that they would make no further attempt to obtain writs of injunction. That, and the sense of duty which has always prompted the trial judges of this state to refrain from issuing injunctions when their lack of authority to do so, clearly appears should be ample safeguards against the further hampering of the officers in the performance of their duty.

Injunction dissolved.