*HntMAN, J.
The defendant obtained his judg- [ *555 ] ment in violation of his agreement with the plaintiff that the case should be discontinued without costs. After an entry in the docket, which would have operated as a discontinuance, had been made, the defendant subsequently entered for costs. Whether this was done in consequence of a misunderstanding between the defendant and his counsel, or whether by the fraud of the defendant, can make no difference, since, in either case, it operates as a fraud upon the plaintiff. He had done every thing necessary or proper for him to do to carry out the agreement. He had himself caused the proper entry to be made, which was itself a discontinuance had the defendant suffered it to remain without entering for costs. Under these circumstances he had a right to rely on the agreement that the cause should be ended ; and the defendant’s subsequent entry was a clear violation of the agreement, which places the plaintiff entirely in the defendant’s power in respect to the costs, as his property may at any time be taken to satisfy the execution, unless the court interferes by injunction to prevent it. It is found, it is true, that no threat had been made to enforce the execution. But this is no reason for refusing the relief asked for, since it is indispensable to the plaintiff’s security that the judgment against him should be discharged, or put in such a condition that it can never subject him to the danger of further litigation. The defendant however refused to discharge or give up the execution, unless the plaintiff would also discharge a claim against him. This, surely, is a clear attempt to use the judgment as a subsisting and valid claim, and is tantamount to a threat to enforce it.
Again, it was said, that the case at least ought to stand over, that Mills and wife might be brought in and made parties to it. It may be admitted that this would have been the proper course; *454 if the suggestion had been made at an earlier stage of the proceeding. But no such objection appears to have been made in the superior court, and we think it too late now to take it, bv wa}'of suggestion and argument in this court.' No decree is asked for against them, and their rights are such as do [ *556 ] not affect the defendant. *They are in a position antagonistic to the' defendant, and, not being parties, their own rights are preserved; and if the defendant wished the controversy settled in respect to them, he might at an earlier day have caused them to be brought before the court. It does not appear to us, therefore, that the purposes of justice will be subserved by postponing the case for the want of proper parties.
We therefore advise the superior court that the plaintiff is entitled to the relief prayed for.
In this opinion the other judges concurred.
Decree for plaintiff advised.