*A. S. Blake* and *R. M. Johnson*, for appellee.

---

## Johnson's Administrators *v.* Unversaw.

Decree.—*Form of.*—Where no exception has been taken in the court below to the form of a decree, the objection cannot be raised in the Supreme Court.

Estoppel in Pais.—*Fraud.*—Where one of several defendants had a good defense, and by the fraudulent device of the plaintiff was prevented from making it, and also from making his motion within the time allowed by law, to set aside the judgment for mistake, inadvertence, surprise, or excusable neglect; *held*, that the plaintiff and his administrator were estopped from enforcing the judgment against such defendant.

Same.—*Excusable Delay.*—Where the plaintiff did not attempt to enforce such judgment, but repeatedly asserted that as to such defendant it was released and satisfied; the plaintiff's administrator, seeking the enforcement of the judgment for the first time, could not complain that such defendant had delayed ten years in asserting his right.

APPEAL from the Marion Common Pleas.

Gregory, J.—The complaint was by Unversaw against the administrators of Oliver W. Johnson, to enjoin the collection of a judgment obtained by Johnson in his lifetime against Unversaw and others. Its material allegations are, that on the —— day of July, 1857, Johnson began in said

court an action against Unversaw and four others for alleged injuries done by them to a carriage and span of horses belonging to Johnson, while in their custody as bailees for hire; that, in fact, the plaintiff (Unversaw) had never hired said horses and carriage, either by himself, or jointly with others, was in no way liable for said supposed injuries, and had not by any act or neglect of his caused or contributed to said injuries; that Johnson, knowing the facts and that this plaintiff had a full defense to the action, did, after the service of process and before judgment, fraudulently, and for the purpose of putting plaintiff off his guard, promise and assure him, that he would dismiss the action as to him, and would take no judgment therein against him; that in violation of his promise, Johnson did fraudulently cause judgment to be taken in the action against plaintiff for the sum of three hundred dollars; that since the decease of Johnson, the defendants, his administrators, have caused an execution to be issued on the judgment, and the same has been levied on lands of the plaintiff, and the sheriff is about to sell them; that after the time at which the judgment was rendered, when plaintiff first became aware of the judgment, and within one year from the date thereof, he remonstrated with Johnson for having thus fradulently taken the judgment, and informed him of his intention to apply, under the statute, to have it opened and set aside; that Johnson informed plantiff that the judgment was taken by mistake, and that if plaintiff would not make any application to set it aside, he, Johnson, would release and discharge him therefrom; that being on intimate and friendly terms with Johnson, and relying upon his promises and representations, plaintiff allowed the time to go by in which to make his application, under the statute, to have the judgment set aside, which he otherwise would have done; that Johnson, in his lifetime, never made any attempt to enforce the judgment, but, on the contrary, repeatedly asserted that the same was, as to this plaintiff, released and satisfied.

Prayer that the defendants may be restrained from enforcing the judgment.

To this complaint a demurrer by the defendants for want of sufficient facts was overruled, and the defendants standing by their demurrer, final judgment was rendered for the plaintiff, perpetually restraining the collection of the judgment, and that, so far as the plaintiff was concerned, the judgment be set satisfied, and the plaintiff released from all liability thereon. There was no exception taken in the court below to the form of the decree.

It is claimed that the court erred in overruling the demurrer, and that the decree ordering the judgment to be satisfied as to appellee is erroneous. If the decree is objectionable in form, the remedy of the appellants is not in this court. The court committed no error in overruling the demurrer. The appellee was prevented from making his defense, and also from making his motion within the time allowed by law, to set aside the judgment, for "mistake, inadvertence, surprise, or excusable neglect," by the fraudulent device of the intestate, and thereby he was, and the appellants as his administrators are, estopped from enforcing it. *Stone* v. *Lewman*, 28 Ind. 97, is instruction on this point. To a paragraph of an answer setting up, as a defense to an action on a judgment, substantially the facts alleged in the complaint in the case at bar, the court below had overruled a demurrer. This court say: "We perceive no error in overruling the demurrer to this defense. If its averments be true, the collection of the judgment would now be a gross fraud upon the defendant, which cannot find countenance in law. All the conditions of an estoppel appear."

The appellants have cited no authority, but they contend that the appellee has lost his remedy (if he ever had one) by gross neglect, in delaying ten years to assert his right. By the allegations of the complaint, the intestate never attempted to enforce the judgment; on the contrary, he repeatedly asserted that it was, as to appellee, released

and satisfied. The administrators have no right to complain of a delay caused by their intestate.

The judgment is affirmed, with costs.

*T. H. Bowless*, *J. L. Ketcham*, and *J. L. Mitchell*, for appellants.

*A. G. Porter*, *B. Harrison*, and *W. P. Fishback*, for appellee.