### JAMES NEALIS, ADM'R. V. THEOPHILUS B. DICKS.

1. *Vacating Judgments at Law—Power of Courts.*—The statute concerning the review of judgments, does not mean that judgments shall only be vacated upon the grounds therein designated, or only in the mode there prescribed to the exclusion of all other modes. Courts must and do posssss other powers than those expressly conferred by Statute. And the code does not profess to strip the courts of the powers incident to courts of equity.

2. *Vacating Judgments obtained by Fraud—Epuity Jurisdiction.*—The power and right of courts of equity to set aside judgments procured by fraud, has been exercised for many years. Although the right was once doubted, it has lorg been unquestioned; and the power has often been exercised by the courts of this State.

3. *Purview of the Code—Limitation.*—It is evident that the article of the code concerning reviews of judgments, is intended to apply to cases where a re-examination or re-consideration of the proceedings is necessary, in order to give adequate and just relief, and does not apply to cases where relief is sought on the ground of fraud in obtaining the judgment. And so the record needs not to be incorporated into the complaint in such case. Nor does the limitation of three years apply in such case. (*Quick* v. *Goodwin*, 19 Ind., 442 disapproved.) The code did not mean to enlarge the scope of a bill of review, under the old chancery practice, but did mean to provide substantially the same remedy. Courts of equity relieved against judgments obtained by fraud, not by bill of review, but by injunction.

4. *Fraud by Violating Stipulation in Agreement of Compromiee.*—Such a violation is of itself such a fraud, as entitles a party against whom the judgment is rendered to equitable relief.

Filed March 30, 1881.
Appeal from Boone.
Opinion of the court by Mr. Justice Elliott.
The appellees sought and obtained a judgment setting

aside a default and judgment   rendered  in  favor of  Orville S.
Hamilton, on the 12th day of May, 1875.

The complaint of the appellees was filed on the  8th  day  of
November 1877.    As more than two years had elapsed between
the time of rendering the judgment and the filing  of  the  com-
plaint, the appellees were not entitled to reliet, under section 99
of the code.    If entitled to  relief  at all,  it  must  be  upon  the
ground that their complaint states facts sufficient to authorize a
vacation of judgment, independently of  the  provisions of  the
Statute referred to.    The complaint  does  not  profess  to  bring
the case within the provisions of the code concerning the review
of judgments.

Hamilton's judgment is attacked upon the ground of  fraud.
The assignment of errors questions  the  ruling  upon two  para-
graphs of the complaint, the  first  and  second, but  as  they  are
substantially the same, we need not give to each a  separate con-
sideration.

Stripped of all merely formal and  superfluous  matters, and
stated in a condensed form, the complaint is briefly, in substance,
this : That after Hamilton had  begun  the  action  in  which  the
judgment was rendered and after  process  served, the  appellees
compromised the claim which  constituted  Hamilton's  cause of
action; that Hamilton then agreed  to  dismiss  this  action; that
appellees relied upon that  agreement, and  gave  the  case  no
further attention;  that judgment  was  rendered  without  their
knowledge; that they did not  know  that judgment had been
entered against them, until the 30th day  of  October, 1877 ;  and
that they had performed their part  of  the  agreement  of  com-
promise.    It is also averred that the appellees had  a meritorious
defense to Hamilton's action.

The power and right of courts of equity  to  set  aside  judg-
ments procured by  fraud,  has  been exercised  for  many  years.
Once, indeed, the right was doubted, but  it  has  long  been  un-
questioned.    This power has been often exercised by  the  courts
of this State.

That our courts possess ample   equity  powers is a  proposi-
tion so plainly correct that its bare statement  excludes  debate.
Nor does the statute concerning  the  review  of  judgments  re-

strict the powers of the courts to set aside judgments to the two grounds there specified. Courts must, and do, possess other powers than those expressly conferred by statute. The code does not profess to strip the courts of the powers incident to courts of equity. The framers of the code did not intend to take from our courts rights and authority long asserted and exercised. Courts of equity possess powers far more important, and infinitely more essential to the complete administration of justice, than any ever created or conferred by legislative enactment. The powers of courts of equity were created and defined by men of wisdom whose object was to form a code of primary rights and equitable remedies that would enable the courts to enforce the principles of natural justice. It will not do to hold that courts possess no power to annul judgments except upon the grounds and in the mode specified and prescribed by Statute. If courts were restricted to the exercise of powers statutory they would make but a lame and halting progress in the administration of justice. The Statute concerning the review of judgments does not mean that judgments shall only be vacated upon the grounds therein designated or only in the mode there prescribed, to the exclusion of all other causes and all other modes. Neither the letter nor the spirit of the act warrants the conclusion that the legislature intended to so narrow the power of courts of general jurisdiction to relieve against judgments as to limit and confine them to the causes and modes expressly prescribed by Statute. Where the statute does prescribe the causes for which a judgment may be set aside, and does provide a mode of procedure, then, of course, the Statute controls, and is to be followed and obeyed.

The provisions of the code do not in terms refer to the vacation of judgments upon the ground of fraud. In the article concerning the review of judgments, two causes for review are named; (1) errors of law; (2) the discovery of material new matter; R. S. 249. The fraudulent act of a party by which he prevents an appearance cannot be justly said to be new matter within the meaning of the code. It would be an abuse of terms to affirm that a review of the judgment and proceedings was necessary in order to get rid of a judg-

ment procured by such fraudulent means; for there is in such a case nothing to review.   It is evident that the article of the code referred to is intended to apply to cases where a re-examination or reconsideration of the proceedings is necessary in order to give adequate and just relief.   Review ordinarily means to reconsider, to re-examine, and it is obvious that this is the meaning attached to the word by our code.   That this court regards the code as embracing only cases where it is necessary to re-examine former proceedings is conclusively shown by the fact that there is a long and unbroken line of cases holding that where the complainant seeks a review he must make the record of the proceedings in the cause sought to be reviewed a part of his complaint.   Where, as here, the complainant seeks relief from a judgment upon the ground of fraud in obtaining it there cannot be the slightest shade of reason for requiring the record to be incorporated into the complaint for review.   The question in such cases is, was the prevailing party guilty of fraud in obtaining judgment.   This is the only question and it would be idle to assert that in such a case there must be a review of the rulings of the court.   There is of course a very great distinction between obtaining a judgment by fraud, and cases where fraud constitutes a defense.   If the complainants were asking to be let in to defend upon the ground of newly discovered matter showing fraud, then undoubtedly there must be a review of the judgment; but that is not the case here.

To hold that the code concerning review of judgments governs such a case as the present would be to deny the appellees all relief because they have discovered no new matter since the rendition of the judgment.   They knew then, as well as they know now, the terms of the agreement of compromise.

To place such a case as the present within the article of the code under mention, would in many cases result in an entire denial of justice.   Complaints to review must be filed within three years after the rendition of the judgment.   It might happen, it is more likely to happen than not, that a party against whom a judgment has been entered, by a fraudulent violation of a compromise agreement made subsequent to the bringing of the action and service of process, would remain in utter

ignorance of the existence of a judgment, until more than three years had elapsed. The legislature did not mean that the Statute should be successfully invoked by one who had confessedly obtained a judgment by fraud.

We have discussed this subject at more length than would have been necessary, were it not for the case of *Quick* v. *Goodwin*, 19 Ind., 442. In that case it is said, by Hanna, J. "We suppose, under an application to review, that fraud in obtaining a judgment may be shown as a cause, but three years appears to be fixed as the limit within which such proceedings shall be instituted, and the act in relation to review contains no clause similar to section 219." No such question as that suggested in the quotation we have made was before the court, and no decision was made upon it, or any question of a similar character. The dicta contained in the extract taken from the opinion is by us disapproved. The case from which we have quoted seemingly approves the doctrine that courts have such powers only as are conferred by statute, and this we deem radically erroneous.

A bill of review was not the appropriate remedy under the old chancery practice against a judgment obtained by fraud, and it is evident that our code did not mean to enlarge the office of a bill of review, but that it did mean to provide substantially the same remedy. Courts of equity relieved against judgments obtained by fraud, not by bill of review, but by injunction. *Carrington* v. *Holabird*, 17 Conn., 530; *Greene* v. *Hershell*, 5 R. I., 447; *Pearce* v. *Olney*, 20 Conn., 544; *Chambers* v. *Robbins*, 28 Conn., 552.

The complaint shows that Hamilton's judgment was obtained by fraud. The facts pleaded bring the case fully within the rule declared by the adjudged cases. The violation by Hamilton of the stipulation contained in the agreement of compromise was, of itself, such a fraud as entitled the appellees to relief. The cases are full and explicit upon this point; a judgment obtained in violation of an agreement to compromise made after the commencement of the action will not be allowed to stand. *Molynen* v. *Huey*, 81 N. C., 107; *Hubbard* v. *Eastman*, 47 N. H., 507; *Cannon* v. *Reynolds*, 5 El. and B., 301; *Philipson* v. *Earl*,

6 Nd. and E., 587; *Allen v McClellan,* 12 Penna. St., 328; *Hall v. Holmes,* 30 Md., 558; *Hurlbut* v. *Reed,* 6 Mich., 30; *Rogers* v. *Gwin,* 21 Iowa, 58; *Doken* v. *Pearce,* 12 N. Y., 165. Our own court has recognized this doctrine; *Johnson* v. *Unversaw,* 30 Ind., 435; *Stone* v. *Lewman,* 28 Ind., 97. The case last cited has been overruled upon one point, but not upon the point upon which we now cite it.

There is no brief from appellee's counsel; and this we regard as breach of duty of which both the trial and appellate courts have a right to complain. It is due to both courts that the grounds upon which the court below rested its judgment should be presented on appeal.

Judgment affirmed.