### WILSON LUMPKIN v. L. E. WILLIAMS, ADMINISTRATOR.

#### No. 14.

1. **Injunction — Case in Judgment.** — The petition alleged this case: Judgment by default April 23, 1889, against appellant on a note and foreclosing a mortgage upon three tracts of land, upon one of which was his homestead. The note had been given by him to W., who was his attorney and confidential adviser and so remained until his death, to secure fees due W. The mortgage was not intended to include the homestead. Shortly after it was given he called W.'s attention to the mistake and asked him to correct it, which he promptly did by releasing the homestead, and the release was recorded. Appellant thought the release was written on the back of the mortgage and had remained in the hands of W., who assured him that his homestead could never be subjected to the lien of said mortgage under any circumstances. Appellant never saw the release; it was not called to the attention of the court when the judgment foreclosing the mortgage was taken. Suit was by the executor of W. Believing the mortgage not in any way to affect his homestead, appellant did not answer, and he would have defended had he known or suspected an intention to foreclose upon his homestead. That he did not know that it had been done until three months before the institution of this suit. Injunction was prayed for to restrain foreclosure sale. *Held,* that a cause of action is shown, and dismissal of the case upon demurrer was erroneous.

2. **Fraud.**—According to these averments the judgment of foreclosure was manifestly obtained by the fraud of the parties in concealing from the court the fact that a portion of the lands covered by the mortgage was occupied by defendant as his homestead and had been released by the mortgagee.

3. **A Known Defense as Ground for Injunction.**—The rule that he who seeks relief in equity from the effects of a judgment rendered against him on personal service, must show that he was not guilty of culpable neglect in not making his defense to the suit, is simple and easily understood, but its application is often attended with difficulty. The facts in this case reviewed, and held to show a case entitling appellant to equitable relief.

4. **Injunction After one Year.**—Revised Statutes, article 2875, forbids injunction to stay execution after one year from the rendition of the judgment, unless the application was delayed in consequence of the fraud or false promises of the plaintiff, etc. The petition (which it is alleged was filed within three months after the discovery of the foreclosure on the homestead) avers that the plaintiff in the foreclosure suit had actual notice that the homestead had been

released from the operation of the mortgage, and knew that the petitioner was ignorant of his intention to foreclose upon it, and knew that petitioner would have defended the suit had such purpose been known to him. These and the other averments in the petition excuse the delay in asking for the injunction.

APPEAL from Anderson. Tried below before Hon. F. A. WILLIAMS.

*J. R. Burnett,* for appellant.—The facts alleged in appellant's petition are sufficient to entitle him to a new trial or to a reformation of the judgment of foreclosure so as to release his homestead from said judgment. Freeman v. Miller, 53 Texas, 372; Taylor v. Fore, 42 Texas, 256; Spencer v. Kinnard, 12 Texas, 186; 1 Black on Judg., secs. 370, 373, 381; Wicke v. Lake, 21 Wis., 410; Hunter v. Francis, 56 Ind., 460; Mining Co. v. Ross, 20 Nev., 127; 2 Lead. Cases in Equity, 4 ed., 1381, 1385; Quivey v. Baker, 37 Cal., 465; 57 Cal., 405.

*Thos. B. Greenwood,* for appellee.—To authorize a court of equity to restrain a judgment, either in whole or in part, for causes which existed prior to the rendition of the judgment, the application for such injunction must be made within one year from its rendition, unless it has been delayed in consequence of the fraud or false promises of the plaintiff, at the time of or after the judgment. Doss v. Miller, 6 Texas, 340; Cook v. Baldridge, 39 Texas, 250; Miller v. Clements, 54 Texas, 351; Hays v. Bass, 1 Ct. App. C. C., sec. 16.

Such plaintiff can not be relieved in a court of equity on the ground of his own neglect and carelessness. Lee v. Kingsberry, 13 Texas, 68; Tadlock v. Eccles, 20 Texas, 782; Baxter v. Dear, 24 Texas, 17; Chilson v. Reeves, 29 Texas, 276; Prewitt v. Perry, 6 Texas, 260; Goss v. McClaren, 17 Texas, 107; Crawford v. Wingfield, 25 Texas Supp., 414; Harn v. Phelps, 65 Texas, 597; York v. Gregg, 9 Texas, 85; Nevins v. McKee, 61 Texas, 412; Johnson v. Templeton, 60 Texas, 238.

PLEASANTS, ASSOCIATE JUSTICE.—The appellant, on August 18, 1890, instituted in the District Court of Anderson County a suit against appellee, administrator of the estate of T. J. Williams, deceased, and one J. M. Silliman, for the purpose of setting aside a judgment rendered by default against appellant in said court, in favor of said Williams and said Silliman, on the 23rd day of April, 1889. The judgment was for the amount of a note with interest, executed by appellant to T. J. Williams on January 11, 1886, for $900, and foreclosure of mortgage upon several tracts of land, given by appellant to secure the payment of said note. This judgment and decree settled the respective rights of the estate of Williams and of Silliman in said note and mortgage; and from that judgment L. E. Williams appealed to the Supreme Court by writ of error, and that court affirmed the judgment. Appellant's petition contained in sub-

stance the following averments:    That T. J. Williams, to whom appellant executed the note and mortgage which constituted the basis of the judgment sought to be set aside, was an attorney at law, and for many years before the note was executed, and up to the time of his 'death, he was appellant's attorney and confidential adviser, and that the note was given in payment of attorney fees due from him to Williams; and that a few days after the execution of the note Williams asked appellant to execute to him a mortgage, to secure the note, on appellant's lands, not including his homestead, and to this proposition appellant assented. and Williams wrote the mortgage on three tracts of land, one of which was a tract of 640 acres off the Sarah Hodges survey.    Relying on the assurances of Williams that the mortgage did not affect or include his homestead, appellant signed and acknowledged the mortgage.    That upon this tract of 640 acres was situated the homestead of appellant, which had been continuously occu- pied by himself and wife, and after the death of his wife, in 1866, by ap- pellant and his children, for about twenty-five years previous to the exe- cution of the mortgage, and was still occupied by himself and family; that it was the distinct understanding with Williams that his homestead was not to be included in the mortgage, but by mistake of Williams it was in- cluded; that upon calling Williams' attention to the mistake he promptly corrected the error by executing to appellant a release to 200 acres, to be taken out of the said 640 acres, upon which the appellant's homestead is situated, and that said Williams assured appellant that his homestead could never be subjected to the lien of said mortgage under any circum- stances; that the release so executed was by Williams duly acknowledged on the day of its execution, and on same day recorded in same volume in which the mortgage was recorded.    That appellant never saw the re- lease after it was filed for record, until the institution of this suit; that he thought at the time the release was written on the back of the mort- gage, and so believed until he was informed by the officer before whom the release was acknowledged, a short time before the institution of this suit, that it was written on a separate paper from the one on which the mortgage was written; that appellant did not take the release from the clerk's office, because he believed that it was a part of the mortgage, and that Williams was entitled to its custody, and supposed it was in his pos- session.

That at the time he was cited to answer the suit of the administrator, T. J. Williams, he still believed the release was on the same paper on which the mortgage was written, and that relying on the assurances of Williams, the mortgagee, that his homestead could never be subjected to. the payment of the note, and having no defense to make against the note, he did not believe it necessary for him to make an appearance in the case or take any steps to protect his homestead from the mortgage.    That the citation did not describe the lands on which the foreclosure was sought

other than as three tracts of land; that he knew that there were three tracts covered by his mortgage, but he never supposed that the 200 acres out of the 640 acres of the Sarah Hodges survey, released from the mortgage, was a part of the lands which the administrator of Williams was seeking by his suit to subject to the payment of the note which was due from appellant to the estate of plaintiff's intestate; and that appellant never knew or had reason to suspect that the decree foreclosing said mortgage rendered in said suit made said 200 acres, or any part thereof, liable for his debt to said plaintiff until about three months before he instituted this suit.   That he confided in the assurance given him by Williams at the time he executed the release, and on what he then believed to be the fact, that the release was written on the same paper on which the mortgage was written; that Williams was at the time he executed the release the attorney and legal adviser of appellant, and had been for several years before, and so remained to his death.   That had he known that the plaintiff was seeking to foreclose the mortgage upon his homestead, or had he reason to suspect that such was his object, he would have defended the suit.

He charges that both the plaintiff, Williams, and the defendant, Silliman, had both actual knowledge and constructive notice before the institution of said suit that his homestead was exempt from the mortgage, and that they both knew at the time the judgment was rendered against him that he did not resist the suit because he was ignorant of their purpose to subject his homestead to the payment of said note.

Appellant further averred, that when he discovered that his homestead was included in the decree of foreclosure he endeavored to induce the said Silliman and the plaintiff to release his homestead from the operation of said decree, and that said Silliman readily acceded to appellant's request, and that the said plaintiff, who is the brother and the administrator of the estate of the said T. J. Williams, deceased, expressed his willingness to release the homestead, but said that he must first consult his counsel, and after consulting his counsel he refused to make the release. And appellant concluded with prayer, that said administrator and said Silliman might be made defendants to this suit; that the judgment rendered against him on the 23rd day of April, 1889, by default be set aside, and that he be permitted to make his defense to the suit, or that the said judgment be amended so as to release his homestead.   And pending this suit appellant, by amended petition, averred that an order of sale had been issued upon said judgment, and he prayed for an injunction, enjoining the sale of his homestead; and the writ was granted and the sale of the homestead enjoined.

Defendant Silliman made no appearance in the suit, but defendant Williams appeared and by his counsel filed motion to dissolve the injunc-

tion and dismiss the suit, which motion was sustained and the injunction dissolved and appellant's suit dismissed.

The grounds upon which the defendant rests his motion are five:

1. The want of equity in the petition.

2. The suit was filed more than twelve months from the date of the judgment sought to be set aside.

3. That the grounds for injunction existed before the judgment.

4. Petitioner had a legal remedy by appeal or writ of error.

5. That petitioner shows that he was guilty of gross negligence in not making his defense, if he had one, to the suit at the time of the trial.

The rule under which a court of chancery permits a judgment to be opened, after the expiration of the term of court at which the judgment was rendered, for the purpose of making defense to the suit, requires that the party seeking such relief must have a legal and equitable defense, and he must not have been guilty of culpable neglect in not making his defense; and he must further show that he has no remedy for the wrong and injury inflicted by the judgment. This rule has been long established and enforced by courts of equity. Our statute, article 2875, Revised Statutes, declares, that no injunction to stay execution upon any valid and subsisting judgment shall be granted after the expiration of one year from the rendition of the judgment, unless it be made to appear that an application for an injunction has been delayed in consequence of the fraud or false promises of the plaintiff in the judgment, practiced or made at the time of or after the rendition of such judgment; or unless for some equitable matter or defense arising after the rendition of such judgment.

The question for our decision is, are the averments in appellant's petition sufficient under the rules of law, as recited above, to entitle him to the relief sought by his suit; and upon the answer to this question depends the correctness or incorrectness of the judgment appealed from. In considering a motion to dissolve and dismiss, the allegations of the petition must be taken and held to be true.

That the appellant had a meritorious defense to the original suit, so far as the plaintiff in that suit sought to subject appellant's homestead to the payment of the moneyed judgment recovered by plaintiff, we think there can be no question. The mortgagee had released the homestead from the operation of the mortgage before he assigned it, and the release was duly recorded on the day of its execution.

Was appellant's application for injunction within the time prescribed by article 2875, Revised Statutes? The petition charges that both the plaintiff and defendant, Silliman, at and before the rendition of the judgment foreclosing the mortgage lien upon appellant's homestead, had actual knowledge, and constructive notice as well, that the homestead had been and was released from the operation of the mortgage executed by appellant to the plaintiff's intestate, and that they, the said plaintiff and

the said Silliman, knew well that defendant was ignorant of any purpose on their part to take a foreclosure upon his homestead, and that they knew that he would interpose a defense if he had known of their purpose to subject to the payment of the debt due the plaintiff's intestate the homestead of appellant. These averments, in our judgment, meet the requirements of the statute, and demonstrate that the appellant's application for an injunction was delayed in consequence of the fraud practiced by plaintiff on defendant at the rendition of the judgment. By these averments the judgment of foreclosure was manifestly obtained by the fraud of the parties in concealing from the court the fact that a portion of the lands covered by the mortgage, which was occupied and claimed by defendant as his homestead, had been released by the mortgagee. We therefore hold that the second ground set out in the motion to dissolve the injunction and dismiss this suit is not good, and could not be a basis of the judgment sought by the motion.

This brings us to the consideration of the only other ground for the motion, which we deem it necessary to notice, to-wit, that appellant's defense to plaintiff's suit being known to appellant at the time of citation upon him, he was guilty of such gross neglect in not prosecuting his defense within the time prescribed by law as should deny him the remedy sought by his petition. This point is the only one of any difficulty presented by the record.

The rule, that he who seeks relief from equity from the effects of a judgment rendered against him after personal service, must show that he was not guilty of culpable neglect in not making defense to the suit before judgment, is simple and easily understood, but its application is often attended with difficulty. In our examination of authorities cited by counsel for appellee, we find no case entirely analogous to the one under consideration.

The case of Wicke v. Lake, 27 Wisconsin, 410, is more analogous in its salient points to this case than any we have found. In this Wisconsin case the appellee, Lake, was made a party defendant to a suit for the foreclosure of a mortgage. Lake was owner by title paramount to that of the mortgagee of a portion of the land mortgaged. When cited to answer the plaintiff's suit, he consulted with his codefendants, and was informed by them that they had a complete defense to the suit in the opinion of their counsel; and he then consulted counsel of ability and experience, who, after examining the defense made to the suit by his codefendants, assured Lake that the defense was a complete one to the recovery by the plaintiff. Relying upon this advice, Lake failed to answer the suit, and judgment was taken against him by default, and the plaintiff recovered against the other defendants, obtained a decree foreclosing the mortgage upon all of the lands covered by the mortgage, including that portion to which Lake had title; and his excuse for not defending the suit was held sufficient, upon

his application to have the judgment set aside as to him and to allow him to answer. In the lower court the excuse set up by Lake was held insufficient, but upon appeal to the Supreme Court the judgment of the lower court was reversed and the cause remanded, with order that the judgment by default be set aside and that appellant be allowed to make his defense.

In this case it is shown by averments in the appellant's petition, that Williams, to whom he executed the mortgage, was an attorney and counselor at law, and was at the time of the execution of the mortgage, and so continued until his death, appellant's attorney and confidential adviser, and that Williams assured him when he executed the release that his homestead could never be held liable for the mortgage debt, and that he need give himself no uneasiness about the exemption of his homestead from the operation of the mortgage. The appellant further avers in his petition that he believed at the time of the execution of the release that it was written on the same paper as that containing the mortgage, and that he still believed this until after the judgment and a short time before the institution of this suit, when the release was found in the clerk's office in which it was recorded; and that believing this, coupled with the assurance of the mortgagee that his homestead could never be subjected to the operation of the mortgage, he thought it unnecessary to make any defense against the suit for foreclosure of the mortgage. And another fact which seems to have lulled him into security is, that the citation did not describe the land further than as three tracts, and the mortgage he knew to be upon three tracts, one of which was the 640 acres upon which was his homestead.

In view of all the facts, we are unable to say that the petition did not show sufficient excuse for appellant's failure to defend the suit and show that his homestead was released from the operation of the mortgage; and we therefore think that the court erred in sustaining the appellee's motion to dissolve the injunction and dismiss the suit.

The judgment of the lower court will be reversed and the cause remanded for another trial.

*Reversed and remanded.*

Delivered November 3, 1892.


Justice WILLIAMS did not sit in this case.