KELLER v. YOUNG et al.  (No. 972.)

(Court of Civil Appeals of Texas. Amarillo. April 19, 1916. Rehearing Denied May 24, 1916.)

1. Judgment &#9096;151—Default—Opening—Sufficiency of Petition.

A petition to open a default judgment stating that defendant held a release of plaintiff's claim, and that in telephone conversation with parties claiming to be attorneys of plaintiff they stated the case would go no further, *held* good against a general demurrer.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 296–298, 727, 730; Dec. Dig. &#9096;151.]

2. Judgment &#9096;143(17)—Default—Opening—Excuse—Statement of Adverse Attorney.

Whenever a plaintiff or his attorney, by an act or agreement, causes defendant to relax diligence, which is otherwise required, the failure of defendant to present a defense cannot be urged as a sufficient reason for denying opening of judgment entered upon such default.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 290; Dec. Dig. &#9096;143(17).]

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by C. L. Young and others against H. F. Keller. Action in the nature of bill of review by defendant to reopen default judgment for plaintiffs. Demurrer to defendant's petition was sustained, and defendant appeals. Reversed and remanded.

Lewis & Roark, of Dallas, for appellant. W. T. Savage and Wood & Wood, all of Dallas, for appellees.

HENDRICKS, J. This action is in the nature of a bill of review by appellant, seeking

to reopen a judgment formerly rendered in favor of the defendant, appellee, for the sum of $500, and restrain the execution upon the judgment, on account of a levy by a constable of Dallas county upon certain fixtures and stock of goods. A temporary injunction was granted, but upon a hearing at term time the court sustained a general demurrer to the petition, dissolving said injunction. The petition in this case is filed in the same court in which the judgment attempted to be vacated was rendered.

Appellant, Keller, alleges in this suit that prior to the filing of the petition against him by Young the latter had released him "from all causes of action, claim, or demands of every kind and character which he might have * * * growing out of said injuries" by the execution of a release or receipt and by the acceptance of the sum of $2.50, and that at the time that Young accepted said money he understood that the same represented his entire damages; that Young fraudulently concealed the execution of this release from the court on the trial of the cause against him. He also alleges that subsequent to the filing of the petition and personal injury suit, and prior to the time of the rendition of the judgment therein, "he was called over the telephone by parties representing themselves as Attorneys Wood & Wood, on behalf of the defendant, C. D. Young, and an inquiry was propounded to him as to what disposition he intended to make of said suit"; that "he informed said attorneys in great detail the nature of plaintiff's claim, stating to said attorneys that he had settled, compromised and adjusted the claim of plaintiff, if ever he had any, * * * some two months after the alleged accident, * * * and that he held and possessed a receipt or release signed by said C. L. Young to the effect that his entire damages had been fully satisfied, and that the consideration of said receipt and release was $2.50 in money, * * * accepted by Young as a full settlement of his claim"; that the attorneys representing the said Young remarked that that threw a different light upon the subject, and that, if Young had executed a release, he had relinquished his claim, "and further stating, the exact words of which this plaintiff does not remember, but says that it was to the effect, that in view of the release executed by the said C. L. Young, the cause would go no further."

Appellant suggests this is the first time he was ever sued, and that after said conversation with the parties representing themselves to be the attorneys for the plaintiff the accident passed from his mind and memory, and he considered the matter closed, "especially in view of the fact that he had made a settlement with said C. L. Young, and had obtained a receipt or release from plaintiff for the alleged damage growing out of and in connection with the said accident, and that he has been in the presence of and in conversation with the said Young since said date up-on numerous occasions," and that Young never mentioned or intimated that he was prosecuting such a suit, "and through the action and conduct of Attorneys Wood & Wood this plaintiff believed and was led to believe that the alleged cause of action against him had been abandoned, and consequently made no defense."

[1] The allegations are not as clear and explicit as to the averment of facts as the interest of good pleading would dictate. However, as against a general demurrer, we are inclined to think, in view of the alleged release, and the alleged telephone conversation, that the averments are sufficiently addressed to a court of equity for consideration. Of course, it is the general rule that the equitable circumstances of fraud, accident, or mistake, or excusable omission to answer or appear, coupled with a meritorious defense, must be presented in order to set aside the judgment.

We are unable to say. from the allegation of the petition that appellant is not affected with some negligence. The purported telephone conversation with the parties alleged suggesting "a disposition" of the cause, if true, evidently means the time was near a trial. There is no allegation that up to the time of the alleged telephone conversation any attention was paid to the case. It is argued by appellant, that the judgment not reciting service, we are not able to presume that Keller was ever served. Appellant's authorities do not bear out this proposition. However, if appellant really had a release, we know, as a matter of common knowledge, there are instances in which many persons against whom a suit is brought, if their knowledge is reasonable that there is no sort of claim against them, are not able to understand the necessity for a defense, and often fail to appear, and thereby suffer default. This is necessarily insufficient, considering the public policy involved against reopening judgments. However, at one time in the history of this subject it seems that an exception once existed to the general rule against rehearings in matters of this kind that a party could obtain relief from a judgment, though negligent in not defending, when he has actually in his possession a receipt or release, clearly showing that such a judgment was inequitable. This exception was founded upon the assumption that the evidence in the judgment debtor's possession is of a "permanent and unerring nature against the point previously in issue." Winthrop v. Lane, 3 Desaus. 324; Countess of Gainsborough v. Gifford, 2 P. Wms. 424; note to Payton v. McQuown, 53 Am. St. Rep. 450. Neither are such decisions now maintainable upon principle. A receipt or release of damages, though in connection with other conditions, should be considered a pertinent equitable circumstance addressed to the court.

[2] It is also the general rule, if one is prevented from presenting his defense and from having it properly considered, it is a sufficient cause for the interposition of a court of equity, if operating to his prejudice. Freeman on Judgments, § 486; Rodriguez v. Espinosa et al., 25 S. W. 669. Whenever a litigant or his attorney, by an act or agreement, causes his adversary to relax diligence, which is otherwise required, it is the equitable rule that the failure to present a defense cannot be urged as a sufficient reason for denying the relief. Freeman on Judgments, § 492; California, etc., Co. v. Porter, 68 Cal. 369, 9 Pac. 313; Chambers v. Robbins, 28 Conn. 552; Norman v. Burns, 67 Ala. 248; Pearce v. Olney, 20 Conn. 544.

We are unable to find a case similar. However, we think, if the appellant exhibits a release of entire damages, and the court or jury believes that the conversation alleged actually occurred, and that appellant was lulled into security, and otherwise would have attended to his case, the judgment should be set aside. We think the testimony must show that the conversation occurred with some one as the representative of Young; otherwise the lack of diligence would not have been produced by the litigant or his attorney. Anderson v. Oldham, 82 Tex. 228, 18 S. W. 557.

The claim of perjury is not sufficient. A careful reading of the petition discloses that appellant is not clear whether Young suffered some personal injury. The allegations in regard to the attorney soliciting certain information from the attorneys of Young are wholly insufficient.

The cause is reversed and remanded, with the order that appellee pay the costs only of this court. The accrued remaining costs subject to the disposition of the trial judge.

Reversed and remanded.