## LEWIS v. BELL. (No. 8077.)

Court of Civil Appeals of Texas. San Antonio. Dec. 19, 1928.

Bird & Bird, of Dallas, for appellant.
Guy N. Williams, of Dallas, for appellee.

SMITH, J. This suit was filed in the county court of Wichita county by appellee against R. G. Lewis, the husband of appellant, on November 18, 1926, and on the same day the defendant filed his plea of privilege to be sued in Dallas county. Appellee having in open court conceded that the plea of privilege was well taken, said plea was sustained on January 14, 1927, and the cause was accordingly transferred to Dallas county, where the record was filed in one of the county courts on

January 15, 1927. The defendant below made no further appearance in the cause, and judgment by default was rendered against him on October 25, 1927. Six days later, on October 31, R. G. Lewis, the original defendant, filed a motion for new trial, which was controverted by appellee, and the court overruled said motion on November 30.

The next step in the procedure occurred when the trial court entered an order, on December 3, granting the defendant below "leave to file amendment substituting representations of Deft. now deceased," but no pleadings were filed in response to such leave, except an "amended motion for new trial," filed on January 11, 1928, by Mrs. Sadie Lewis, surviving wife of the original defendant. This amended motion was overruled by the trial court on February 1, 1928, and Mrs. Lewis has appealed. Appellant filed her briefs in the appeal on April 16, 1928, and, as appellee has seen fit to file no reply brief, we assume, as we are authorized to do by the rules, that the statements in appellant's brief are correct.

The original defendant and his counsel resided at Dallas at the time the suit was filed in Wichita, Falls, while appellee and the attorney then representing him resided in Wichita Falls. The attorneys for the respective parties had some correspondence concerning the merits of the plea of privilege, and, as a result of this correspondence, appellee's counsel conceded that the plea of privilege was well taken, and advised counsel for appellant that "the suit could not be maintained in Wichita County and that the cause of action would be abandoned; that he would not further prosecute the suit; that the whole cause of action thereafter would be closed." It appears further from appellant's brief that by reason of the foregoing understanding between counsel "no further notice of said cause was taken by defendant or his counsel for one year thereafter until after default judgment had been obtained on October 25, 1927; when on October 31st the defendant filed his motion for a new trial; that thereafter, on November 9th, the defendant R. G. Lewis died in Dallas, Texas, and by suggestion to the court of the defendant's death, the court granted leave to amend defendant's motion for a new trial, also to make new parties defendant, when thereafter Sadie Lewis, wife of R. G. Lewis, deceased, was made a new party defendant and thereafter filed her amended motion for a new trial, which was overruled by the court." In her amended motion for new trial appellant set up facts, duly verified and supported by annexed affidavit of a witness, which, if proven upon a trial, constitute a complete defense to appellee's suit.

We conclude that, under the circumstances of the case as presented by the record—the assurance received by counsel for appellant from the then counsel for appellee that the plea of privilege was well taken, and that the suit would be abandoned and not further prosecuted; the transfer of the cause, the employment of new counsel, and the revived prosecution of the suit several months later without the knowledge of the defendant or his counsel; the death of the defendant about the time the judgment by default was taken; the intervention of the rights of the widow of the deceased defendant—the ends of justice will be more certainly served by setting aside the judgment appealed from. If appellee has a good cause of action he will not be materially injured by a new trial, whereas, if he has not a good cause of action, appellant will be irreparably injured by an affirmance.

The judgment will be reversed, and the cause remanded.

---

*Writ of error dismissed.