## CAFFARELLI et al. v. REASONOVER et al.

### No. 8889.

Court of Civil Appeals of Texas. San Antonio.

Oct. 26, 1932.

Graham, Graham & Graham, of Brownsville, for appellants.

A. B. Crane, of Raymondville, for appellees.

SMITH, J.

One of the appellees has confessed error, and the remaining appellees have filed no reply to appellants' brief.

The appeal is from an order sustaining a plea in abatement to a suit to set aside a judgment previously rendered against appellants in the trial court. It was alleged as ground for setting aside the former judgment that counsel for all parties had an agreement, with the knowledge and approval of the trial judge, that the plaintiffs in that suit would not attempt to try the case without first having it set for a day certain, and notice thereof given opposing counsel, who resided in another county. The case had been continued from time to time by plaintiffs, necessitating futile attendance at each term by out-of-county attorneys. Such agreements are proper, and often made. It had the approval of the trial judge, should have been observed, and its breach entitled appellants to a new trial.

Appellants did not learn of the rendition of judgment against them in the former suit until after adjournment of the term, but did know of it in time to perfect and prosecute writ of error, if so minded. Appellants, however, forebore appeal, and chose to make a direct attack upon the judgment; but the trial judge sustained a plea in abatement thereto, upon the sole ground that appellants' remedy lay in writ of error, and not otherwise.

We think the court erred in that ruling, upon that ground. The attack upon the judgment rested upon grounds not apparent of record, which could be shown only by testimony aliunde the record, and could not have been made apparent through writ of error. In such case appellants' remedy lay not in appeal, which was inadequate, but only in a direct attack upon the judgment. Gutierrez v. Cuellar (Tex. Civ. App.) 236 S. W. 497; Senter v. Garland (Tex. Civ. App.) 298 S. W. 614; Cook v. Panhandle Ref. Co. (Tex. Civ. App.) 267 S. W. 1070; Lubbock Ind. School Dist. v. Abernathy (Tex. Civ. App.) 1 S.W.(2d) 426.

Other questions are raised, but as the error discussed requires reversal, this opinion need not be further prolonged.

The judgment is reversed, and the cause remanded.