## SLOAN v. NEWTON.

### No. 5067.

Court of Civil Appeals of Texas. Amarillo.

Oct. 16, 1939.

L. A. Prichard and George S. Berry, both of Lubbock, for appellant.

Bean, Evans & Bean, of Lubbock, for appellee.

STOKES, Justice.

This is a suit in the nature of an equitable bill of review, its object being to vacate and set aside a judgment by default obtained by appellant against appellee in the county court of Lubbock County on the 20th of September, 1933. The record discloses that at the July term, 1933, of the county court, appellant, Tom Sloan, filed a suit against appellee, M. D. Newton, in which he alleged that on or about the 26th of August, 1931, at the special instance and request of appellee, he had loaned to appellee the sum of $300, to be repaid upon demand. No note was executed. Appellant, in his petition, acknowledged a credit of $23 and prayed for judgment for the balance due him of $277, with interest and costs of suit. The record does not reveal any reason why the cause was not disposed of at the July term, but judgment by default was entered against appellee at the September term, 1933, for the amount sued for.

Appellee filed this suit against appellant on the 17th of February, 1938, alleging in substance that, in 1931, he borrowed $300 from appellant and that he paid thereon the sum of $24.15. He alleged that prior to the filing of the original suit, he had furnished appellant with a house in which to live in the city of Lubbock and that appellant had lived in the house for more than a year at the time the former suit was filed. He alleged that immediately upon being served with citation in the former suit he went to appellant and had a conversation with him in which he expressed to appellant his surprise that appellant would bring suit against him on the claim when appellant was living in his house without paying any rent; that appellant acknowledged he had been hasty in filing the suit and that in the conversation it was agreed between them that in consideration of the rental of the premises appellant would cancel the indebtedness, dismiss the suit and the controversy was there settled between them. He alleged further that appellant continued to live in the house and resided there eighteen months which, according to the agreement between them, settled and discharged the indebtedness in full.

Appellee further alleged in the instant suit that, notwithstanding his agreement to dismiss the original suit in consideration of the rental of the premises, appellant appeared in court on the 20th of September, 1933, and obtained a judgment against appellee for the full amount for which he had sued, together with interest and costs of suit. He alleged that he did not know appellant had procured judgment against him until February 7, 1938, when appellant caused to be issued upon the judgment a writ of garnishment against the First National Bank of Lubbock in which appellee maintained a deposit.

Appellant answered only by general demurrer and general denial.

The case was submitted to a jury upon special issues and the jury found in effect that appellant and appellee, after the filing of the original suit and before appearance day, discharged the debt by a settlement and it was agreed between them the suit would be dismissed; that appellee relied upon such agreement in failing to appear and answer in the original cause; that appellee did not know the judgment had been rendered against him until February, 1938; that appellant agreed to dismiss the original suit after citation had been served on appellee and prior to the time the judgment was entered; that appellant was guilty of fraud in taking the judgment against appellee, and that appellee had fully paid off and discharged the debt owing to appellant in the $300 loan.

The trial court entered judgment against appellant cancelling the original judgment, to which appellant duly excepted and gave notice of appeal, which he has duly perfected.

The principal contentions made by appellant are, first, that the court committed reversible error in overruling his general demurrer. Secondly, that appellee did not allege nor prove fraud on the part of appellant in procuring the original judgment and, therefore, his general demurrer should have been sustained and appellee was not entitled to recover. Thirdly, that appellee was not entitled to recover because his claim was barred by the statute of lim-

itations, the suit not having been filed until more than four years after the original judgment was entered, and, fourthly, the court erred in refusing to submit his special issue No. 3 as to the reasonable rental value of the premises belonging to appellee and occupied by him as tenant.

The substance of the first contention of appellant is that his general demurrer should have been sustained because appellee failed to exhibit in his pleadings the entire proceedings in the original case sought to be reviewed. We think under our rules of pleading the petition is sufficient as a basis for the introduction of the record in the former suit. The petition and process in that suit were not copied in the petition in the instant case. nor were copies of them attached as exhibits, but we do not understand the rules of pleading to require that the record in the former suit be completely exhibited by the petition seeking a bill of review. The petition alleges the filing of the original suit by appellant and gives the number of the cause on the docket of the county court. It states the nature of the cause of action alleged therein and the amount for which appellant demanded judgment. It alleges further that appellee was served with citation in the original cause and that judgment by default was entered against him on the 20th of September, 1933, reciting the volume and page of the minutes of the court wherein the judgment was entered of record. Copies of plaintiff's petition, the citation served upon appellee, and the default judgment entered against him were introduced in evidence and were before the court when the instant case was tried. The record does not show that these constituted the entire record in the original suit but ordinarily where judgment is rendered by default, records of the case do not contain any documents other than these. In our opinion the petition was not subject to the criticism offered by appellant and his contention in respect thereto will be overruled.

The second contention presented is that no fraud was alleged nor proven and the court erred, therefore, in overruling appellant's general demurrer and in rendering judgment against him. This contention is based upon the assertion by appellant that the allegations upon which appellee depended to meet the requirements laid down by the courts as necessary elements for recovery in a proceeding of this kind are not sufficient unless it is alleged and proved that the former judgment was procured by accident, mistake or fraud. He contends that no accident or mistake was alleged or shown and that appellee was not entitled to recover upon the theory of fraud because the facts pleaded by him and relied upon to establish fraud were mere alleged promises of appellant to do something in the future, the violation of which does not constitute fraud in law. It is true that in cases based upon fraud such as those in which it is sought to cancel a deed for violation of a promise to perform some act in the future the courts have held that, unless it is shown the grantee, at the time of making the promise, intended not to comply with it, no suit for fraud can be maintained, the proper proceeding being for damages for breach of contract. Chicago T. & M. C. Ry. Co. v. Titterington, 84 Tex. 218, 19 S.W. 472, 31 Am.St.Rep. 39. In cases like the one we are now considering, however, where it is sought to set aside and vacate a judgment by equitable bill of review, under allegations that the former judgment was caused to be entered by the plaintiff in violation of an agreement that the case would be dismissed, our courts have long considered such an act as a species of fraud. The rule is that where it is alleged and shown that the former judgment was entered in violation of an agreement to dismiss the case, unmixed by any lack of diligence on the part of complainant; that he has a good defense to the cause of action which he was prevented from presenting by fraud, accident or the acts of the opposite party, and that there is good reason to believe that a different result will be obtained upon a new trial, the courts will grant the relief. Johnson v. Templeton, 60 Tex. 238; Jones v. Wooton, et ux., Tex.Com.App., 228 S. W. 142; Texas & P. Ry. Co. v. Miller, Tex.Civ.App., 171 S.W. 1069; Lewis v. Bell, Tex.Civ.App., 12 S.W.2d 237; Winters Mutual Aid Ass'n v. Reddin, Tex.Com. App., 49 S.W.2d 1095; Sedgwick v. Kirby Lumber Co., 130 Tex. 163, 107 S.W.2d 358; Keller v. Young et al., Tex.Civ.App., 186 S.W. 405.

The court submitted the case to the jury upon sufficient allegations and the jury found upon sufficient evidence that after the original suit was filed and before appearance day of the succeeding term of the court, by agreement between them, appellant and appellee settled and discharged the claim forming the basis of appellant's

suit and that appellant agreed to dismiss it. They found that appellee relied upon the agreement which they found had been made by appellant and therefore did not appear in the case. They further found that appellee did not know the judgment had been entered against him until February, 1938, and the record shows this suit was filed on the 17th of that month. In answer to another special issue the jury found that appellee had fully paid off and discharged the debt which constituted the basis of appellant's former suit against him. The record shows, therefore, that appellee was not guilty of any negligence in suffering the former judgment to be entered against him. He had a right to rely upon the agreement and representation made to him by appellant and the mere fact that he did not pursue the matter further and investigate the court records to ascertain whether appellant had complied with his agreement to dismiss the case cannot be considered a lack of diligence on his part. The record further shows, and the jury found, that appellee had a good defense to the cause of action filed against him by appellant which he was prevented from presenting to the court by the acts of appellant. Under these allegations, the evidence introduced in support of them and the findings of the jury, appellee was entitled to have the former judgment vacated and set aside. Every necessary element required by the rules governing such cases was presented and supported by proof. It follows, therefore, that this contention of appellant is not well taken.

■ The third contention made by appellant relates to the statute of limitations. It has frequently been held by the courts that Art. 5529, R.C.S.1925, applies to a suit to set aside a judgment obtained by fraud. Ordinarily, therefore, it must be filed within four years. It is a well established rule, however, that limitation against fraud does not begin to run until the fraud is discovered. Any other rule manifestly would frequently work injustice and irreparable injury. Indeed, this case furnishes an example of the manner in which an opposite rule would work not only serious injury to the innocent, but to the advantage of the perpetrator of the fraud. Appellee alleged and the jury found that he did not know the former judgment had been entered against him until more than four years after it had

been rendered. The record shows that on the 17th of the month in which he discovered it this suit was filed. Thus it is shown he exercised great diligence upon discovering that a judgment had been rendered against him. Under these conditions the statute of limitation did not begin to run until the month of February, 1938. Levy v. Roper, et al., 113 Tex. 356, 256 S. W. 251.

■ The fourth and last contention briefed by appellant assigns error of the court in refusing to submit special issue No. 3 requested by him. That issue requested a finding as to the reasonable rental value of the house belonging to appellee in which appellant lived for eighteen months. We find no error in the action of the court here complained of. The reasonable rental value of the house was not made an issue either by the pleadings or the evidence. Appellee pleaded that appellant's claim against him upon the loan of $300 which constituted the basis of the former suit had been settled by agreement between them to the effect that appellant would occupy the house belonging to appellee for a sufficient length of time to discharge the debt. He alleged further that the debt had been discharged long prior to the filing of the instant suit. Appellant pleaded only a general denial. The record shows appellant occupied the premises for some eighteen months, which term expired long before this suit was filed. The jury found that the debt had been discharged by the rental value of the premises. What may have been the reasonable rental value, therefore, was not an issue in the case. It was a question of an agreed settlement between them and the jury found against appellant upon that issue. It was not error, therefore, for the court to refuse the submission of the requested special issue.

A number of questions are raised under other assignments alleging error in the form and submission of certain special issues. The assignments and propositions are not supported by statements from the record but an inspection of each of them has failed to reveal any reversible error and they will be overruled.

We have examined all of the assignments and propositions presented by appellant and, in our opinion, no reversible error is shown by any of them. The judgment of the court below is, therefore, affirmed.