## McAFEE v. JETER & TOWNSEND.
### No. 5257.

Court of Civil Appeals of Texas. Amarillo.

Feb. 3, 1941.

C. Land, of Memphis, for appellant.

Mahan & Broughton, of Childress, for appellees.

STOKES, Justice.

Appellant, Andy McAfee, filed this suit against appellees in the nature of a bill of review and seeking an injunction against the execution of a judgment which appellees had procured against him in the county court of Childress County on the 17th of October, 1939. The original suit was upon a promissory note signed by appellant and Lee McAfee in the principal sum of $257.-20, bearing interest at the rate of ten per centum per annum and providing for ten per cent additional as attorneys' fees if sued upon or placed in the hands of an attorney for collection. The note bore date of September 12, 1935, and was payable October 15, 1935. The original suit was filed by appellees on the 31st of March, 1938, and cited appellant and his codefendant, Lee McAfee, to appear at the next term of the court which convened on the 6th of June, 1938. Appellant filed an answer, consisting merely of a general demurrer and general denial, on the 6th of June, 1938, and no further action was taken nor orders·entered in the case until Oc-

tober 17, 1939, when final judgment was rendered by the court in favor of appellees against both of the defendants therein for the amount sued for.

On December 4, 1939, an execution was issued upon the judgment and placed in the hands of the sheriff of Hall County who levied the same upon 130 acres of land in that county as the property of appellant and advertised the same for sale on the 2d of January, 1940. When the advertisement appeared, appellant alleges he ascertained for the first time that the judgment had been rendered against him and he immediately filed this suit.

In addition to the foregoing, he alleged that, when his answer was filed by his attorney in the original suit on June 6, 1938, his attorney and the attorney who had filed the original suit for appellees, in a verbal conversation, entered into an agreement that the suit would not be tried at that time, but would be set for trial at a later date, and appellant's attorney would be notified of the date in ample time to enable him to prepare the case for trial. He alleged that, in the conversation, his attorney informed appellees' attorney as to the nature of the defense which appellant would present to the suit on the note. He also alleged that his attorney had another conversation with appellees' attorney, later in the month of June, 1938, in which the stipulation was renewed and confirmed and that, during the time the cause was pending, his attorney made several trips from Memphis, where he lived, to Childress, where the case was pending, to ascertain the status of the pending suit; that the case had been transferred to what he alleged to be the "retired docket" of the court and that he informed the trial judge of his agreement with appellees' attorney and the trial judge acquiesced in such agreement. He alleged that, notwithstanding his agreement with appellees' counsel, acquiesced in by the trial judge, on the 17th of October, 1939, at a regular term of the county court, the case was removed from the "retired docket", placed upon the "active docket" of the court, called for trial by the court and judgment rendered against him for the full amount sued for, all without the knowledge or consent of appellant or his counsel and in direct violation of the agreement and stipulation aforesaid.

Appellant alleged a number of defenses which he would have set up and urged in the trial on the 17th of October, 1939, if he or his attorney had known the cause would be tried at that time, among which defenses were, first, that he did not sign the note as principal, but as a surety, and he was so regarded by appellees; that he did not sign the note until long after it was executed by his codefendant, Lee McAfee, who was the principal thereon; that the transaction in which the note was issued was executed and closed between Lee McAfee and appellees fully three weeks before appellant signed the note as surety, and his act in signing the same was wholly without consideration of any kind. Secondly, that the indebtedness represented by the note had been extended several times by agreement between appellees and the principal, Lee McAfee, without the knowledge or consent of appellant and that, if he had ever been liable thereon, his liability had been released and discharged by such renewals and extensions.

■ When the instant case was called for trial, the court sustained a general demurrer and a number of special exceptions urged by appellees and, appellant declining to amend his bill, the case was dismissed. The record, particularly the nature of the special exceptions sustained by the court, indicates that the trial judge was of the opinion that, appellant not having pleaded his alleged meritorious defenses in his answer in the original suit on the note, he was not entitled to have the judgment reviewed by means of a bill of review and that the facts pleaded would not constitute such a defense. In a proceeding of this kind the procedure observed by the courts does not require an allegation that meritorious defenses were pleaded in the answer to the original suit. Indeed, if appellant alleged meritorious defenses in his bill, it was not necessary that he allege he had filed any sort of an answer to the petition in the original suit. He would be entitled to a bill of review in so far as that phase of the matter is concerned even though he had filed no answer whatever and judgment by default had been taken against him in the original cause. Lumpkin v. Williams, 1 Tex.Civ.App. 214, 21 S.W. 967.

■■ The record shows that appellant was a resident of Hall County and his attorney resided at Memphis in that county. The original suit was pending in the county court of Childress County, and in our opinion the allegations of appellant to the

effect that the attorney for appellee, on June 6, 1938, and again at a later date, agreed with appellant's counsel that the case would not be called for trial, nor tried, until appellant's counsel had been notified in ample time to enable him to prepare his defense are sufficient to show that, without fault of either appellant or his attorney, the case was tried in his absence and at a time when he not only did not know it would be tried, but was warranted in believing it would not be tried until he was first notified and given an opportunity to be present and present his defenses. Regardless of whether the act of appellees' counsel in trying the case and taking judgment was willful or whether, as alleged in the answer, he believed ample notice had been given to appellant's attorney, an issue on that question was presented and, if appellant's allegations were true, the effect was the same and resulted in depriving appellant and his counsel of an opportunity to be present and present his defenses in the suit on the note. Upon proof of such facts appellant would have been entitled to have the judgment set aside and to a trial of the original suit upon its merits provided, of course, appellant, in his bill, alleged a meritorious defense thereto. Marsh v. Tiller, Tex.Civ. App., 279 S.W. 283; Connell v. Nickey et al., Tex.Civ.App., 167 S.W. 313; Winters Mutual Aid Ass'n v. Reddin, Tex.Com. App., 49 S.W.2d 1095; Keller v. Young, Tex.Civ.App., 186 S.W. 405; Sloan v. Newton, Tex.Civ.App., 134 S.W.2d 697; Caffarelli et al. v. Reasonover, Tex.Civ. App., 54 S.W.2d 170.

In Keller v. Young, supra [186 S. W. 407], Justice Hendricks, speaking for this court, expressed the rule that has been recognized by the courts of this and most of the other states since an early day in the following language: "It is also the general rule, if one is prevented from presenting his defense and from having it properly considered, it is a sufficient cause for the interposition of a court of equity, if operating to his prejudice. * * * Whenever a litigant or his attorney, by an act or agreement, causes his adversary to relax diligence, which is otherwise required, it is the equitable rule that the failure to present a defense cannot be urged as a sufficient reason for denying the relief."

The case of Caffarelli et al. v. Reasonover, supra, was before the Court of Civil Appeals of the fourth district upon a state of facts almost identical with those presented in the instant case. It was there alleged that counsel for all of the parties had an agreement, with the knowledge and approval of the trial judge, that the plaintiffs in the former suit would not attempt to try the same without first having it set for a day certain and notice thereof given to opposing counsel, who, as in this case, resided in another county. The former cause had been continued a number of times which made it necessary for out-of-town counsel to make numerous useless trips to the court. The Court of Civil Appeals held that such agreements were proper and often made; that the agreement in that instance had the approval of the trial judge and should have been observed, and that its breach entitled the appellants to a new trial.

The next question to be noticed is whether or not appellant's pleading is sufficient to show that he had a meritorious defense to appellee's suit on the note. While his allegations to the effect that he was only a surety on the note and the knowledge of appellees of his status as such are perhaps not as lucid as they should be, he alleged that, as a matter of fact, he was only a surety on the note and that he was so regarded by appellees. He alleged further that the indebtedness evidenced by the note was the indebtedness of Lee McAfee and that the transaction between Lee McAfee and appellees, in which the note was issued, was executed and completed some three weeks before appellant signed the note as surety. If the court below had considered this allegation as true, as he should have done when acting upon the general demurrer, it would have presented a good defense to appellees' cause of action. If appellant was a surety only and the transaction between appellees and Lee McAfee, the principal thereon, was completed before appellant signed the note as surety, and the credit extended to Lee McAfee by appellees was so extended without reliance upon or regard to the suretyship of appellant, and the note was not accepted upon the strength of any agreement of appellant to become liable thereon, his suretyship and ostensible liability thereon was without consideration and unenforcible. Green v. American Refining Properties, Tex.Civ.App., 22 S.W.2d 343; King v. Wise, Tex.Com.App., 282 S.W. 570, 571.

In the case last cited Judge Nickels, speaking for the Commission of Appeals, said: "The signature of a person, placed upon a note after its completion and delivery as between the original parties, in order to be effective, must have the support of a new and independent consideration [authorities omitted], except, of course, where the signature is for the accommodation of the payee and the paper has been further negotiated."

Finally, appellant alleged that the indebtedness of Lee McAfee had several times been extended and renewed without appellant's knowledge or consent. Proof of this allegation would likewise have released appellant from any obligation as a surety on the note and constituted a good defense to appellees' suit thereon. Howth v. J. I. Case Threshing Machine Co., Tex. Civ.App., 280 S.W. 238; J. I. Case Threshing Machine Co. v. Howth, 116 Tex. 434, 293 S.W. 800; Brinker v. First Nat'l Bank, Tex.Com.App., 37 S.W.2d 136.

From what has been said it is evident that, in our opinion, the court below erred in sustaining the general demurrer to appellant's bill and in dismissing the case. The judgment will, therefore, be reversed and the cause remanded.